## H. C. BUNTING v. THE PENN. R. CO.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF ALLE-
GHENY COUNTY.

Argued October 26, 1887—Decided January 3, 1888.

1. Where an injury to a passenger upon a railroad was caused by the negligence of the employees of a private railroad crossing the former at grade, without negligence on the part of the passenger carrier also, the latter is not liable.
2. A railroad company is not responsible for the careful and safe management of a private railroad crossing it at grade.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and
WILLIAMS, JJ., TRUNKEY and CLARK, JJ., absent.

No. 84 October Term 1887, Sup. Ct.; court below, No. 760
December Term 1885, C. P. No. 1.

This was an action in case instituted June 8, 1886, by
Henry C. Bunting against the Pennsylvania Railroad Com-
pany, the lessee of and operating the South West Pennsyl-
vania Railroad, to recover damages for personal injuries
caused by negligence.    Another like action by H. C. Bunting
and Phœbe J. Bunting, his wife, for injuries to the wife, was
instituted and tried at the same time.

At the trial on December 23, 1886, it was made to appear
that near Lemont Furnace, in Fayette county, the track of
the South West Penn. Railroad is crossed by a private coke
railroad owned and operated by Robert Hogsett, at two points
about 600 feet distant from each other, the latter road running
upon a semicircular line.    On October 13, 1883, Mr. and Mrs.
Bunting were passengers on a train of defendant company
proceeding upon the South West Penn. Railroad towards
Uniontown, when the passenger train was struck by the engine
of a train upon the coke railroad and the plaintiffs received
severe injuries.    Evidence was introduced from which it was
claimed by the plaintiffs that when the passenger train ap-
proached the first crossing of the coke railroad it was doubt-
ful whether the passenger train whistled the signal for its
approach, or whether the coke train whistled its own approach;
that the engineer of the passenger train did not see the coke
train until his train was upon the first crossing; that though
he then pulled out rapidly, a coke car of the other train, pushed
by the engine of the coke road, struck the platform of the rear
coach of the passenger train so that the rear truck of that
coach was derailed; that immediately the brakeman of the
passenger train pulled the cord of the airbrakes letting on the
air, and the engineer did the same from the cab, the result of
which was to bring the passenger train to a stop when on the
second crossing; that the effect of letting on the air from one
of the cars was to render the release of the train from the
brakes a matter of greater difficulty and more time than if
the engineer had been left in full control; that when the col-

lision at the first crossing occurred the engine of the coke train was reversed, and as it started back around the semicircle the engineer and fireman jumped from the cab, allowing the coke train to run wild; that from the second crossing where the passenger train was stopped the engineer of that train had an unobstructed view of the coke train when approaching about half the length of the semicircle, but found it impossible to release the air and move his train from the crossing, until it was struck by the engine of the coke train, in which collision the plaintiffs were injured; and that there was no evidence that a watchman was stationed at either of the crossings or of any precautions taken to avoid a collision, except that defendant's engineers had been instructed to approach Lemont Furnace crossing with their trains well in hand.

Timothy Leehan, the engineer on the coal train, called by the plaintiffs:

Q. If you had heard the South West Penn. engine whistle at the whistling post, would you have started from where you were with the engine on the furnace track? Objected to, as incompetent and irrelevant. Objection sustained.[7]

The court, COLLIER, J., charged the jury as follows:

The questions in the case are all questions of negligence, and the plaintiffs in the first instance must satisfy you that the defendant company, or its agents, were guilty of the negligence which caused the accident. How have they done that? The allegations on the part of the plaintiffs, through their counsel, are, that they were passengers on this railway train; that they had paid fare, and while in the course of transportation were injured. The manner in which they were injured, as they allege by negligence of the servants of the defendant company, was, that at this first crossing the engineer did not blow the whistle, took no precautions, but rushed along, as alleged by them, recklessly, and that this dinkey engine ran into the train, and after it ran into it they put down brakes and then started with the brakes down, got as far as the second crossing, where the dinkey engine ran into the train again and caused the particular injuries complained of to the plaintiffs. They allege that that was such negligence of itself on the part of the servants of the defendant company as would make it liable.

[They allege further that the Penn. R. Co., or the S. W. P. R. Co., because this was a private track belonging to Mr. Hogsett, the owner of the furnace, that ran across their track and was there before theirs, had the right to proceed under the law to make regulations as they saw proper as to that private track, or, as they allege, remove it altogether, and that the company was liable for what everybody did on that road, no matter how recklessly it was done. That part of the plaintiff's claim, we are compelled to say, under the view we take of the law, is not sustained, and we charge you as matter of law, that the defendant company was not liable for the proper and correct running and management of that furnace road, except so far as it affects their own acts.][8] Now gentlemen, what was the duty of the company as to this crossing? And I will say to you the law is very strict as to the duties of railroad companies at crossings. It is the duty of a railroad company, or its servants, where there is a cross track upon their road, upon which there are steam cars, to observe great care, not the highest degree of care, not an impossibility, but they must use all proper precautions; they must have their train well in hand, and must be on the lookout, and if whistling and ringing the bell would be effective in preventing accidents they ought to do that. It is alleged here that they did not blow the whistle at the first crossing. The evidence upon that you have heard. The evidence on the part of the defendant is that they did blow the whistle, not only the long whistle, but in addition to that it is alleged they blew four blasts. I will say that at that point a whistle ought to have been blown, and if it were one of the company's rules to blow it there, it would be evidence of negligence not to blow it. It is alleged they rang the bell; and one of the witnesses says he kept the bell ringing, and that they went slowly and reasonably carefully. On the other hand, the plaintiffs say they did not do that; and it is alleged that after the car was struck they stopped the train by the automatic brake, which was perfectly proper of course; that was their duty. When the car was derailed it was their duty to stop the train at once, otherwise the people in the car might have been killed. It was their duty to stop, but it is alleged that the engineer, knowing the train had been stopped by the conductor, by means of the brake, and that it would take some

Charge of Court below.

little time to start, uselessly started and pulled up and could not get any further, and that that, with the other alleged negligence, caused this accident. The plaintiffs also alleged that there was not the proper precaution used; that that is all they did, and that was not enough. I believe that is the plaintiffs' claim.

The law is as I have stated it to you. You are the judges of the facts. The plaintiffs must satisfy you of the negligence of the defendant company, or its servants. They show you that they were passengers for hire, and while the burden is upon them to make out negligence, yet when they show that they were passengers for hire and a collision occurred, and they were hurt, that is evidence of negligence to go to the jury, and is for the defendant to explain.

Now, gentlemen, the defendant company undertakes to explain this accident, and I will give you their theory and you will judge between them. The theory of the defendant is that they did take all the precautions they could, that they had the train under control; that they whistled the proper signal for crossing; that they were watching this very crossing; that they rung the bell, and were looking out and that all at once (you can hardly call him anything but a crazy man) the engineer of the dinkey engine ran his engine into the rear coach of the train and knocked it off the rails; that as soon as that happened, finding the rear coach was off the tracks, and that the passengers might be killed, they tried to stop the train. The duty of the agents of the defendant company was to stop the train instantly, if possible. They allege they did that; but that this engineer of the dinkey engine, contrary to any human expectations, reversed his engine and, without any necessity, left it. There is nothing to show it might have fallen over on him. He alleges he was afraid it would fall on him. There is nothing to show that there was the least danger of it being upset because it struck the rear end of the coach. He left his engine, and the grade being downward toward the place where the passenger train had stopped, the dinkey engine with nobody on it, ran around the circular track, and while the servants of the defendant company were struggling to get out of its way, but not having time to take off the air, but doing all they could, the din-

Charge of Court below.

key engine struck the coach in which were the plaintiffs and injured them.   Now that is the explanation of the accident on the part of the company, and I say to you, if you believe that theory, it would be a great outrage on justice to hold the company liable. . . . .

If you find the agents of the company were not negligent, that the accident was not their fault, that all was done by them that could have been done, then the presumption of negligence which arises when an accident occurs and a passenger for hire is injured, would be explained; the plaintiff's remedy would be against the persons who caused the injury, and your verdict should be for the defendant.   But if on the other hand you should think the company negligent, that the accident was caused by their not giving the proper whistle, not taking the proper care, and after the train was struck, although the engineer jumped off the "dinkey" engine, and although they could not have expected him to do that; yet, if that was a natural consequence of the original act, and you think there was negligence afterwards upon the track, in the manner in which they took off the air and put on steam, and there was negligence in that, and that was the cause of the accident, then you should find for both plaintiffs, and the next question would be as to the measure of damages. The measure of damages is correctly stated by the learned counsel for the plaintiffs in their points. . . . . .

The defendant's counsel ask the court to charge:

1. The evidence fails to disclose any act of negligence upon the part of the defendant company, which caused the injuries to the plaintiff, and for that reason the verdict of the jury must be for the defendant.

Answer: Refused.

5. It being the uncontradicted evidence in the case that the rear coach of defendant's train was derailed at the first crossing, it became the duty of defendant's employees to stop the train as promptly as possible, and the stopping of the train in the manner as shown by the testimony was not negligence.

Answer: Affirmed.[6]

6. That the duty of the defendant company's employees is to be measured by a due consideration of all the surrounding

circumstances, and if they acted honestly, according to their best judgment under the circumstances, they were not guilty of any negligence, even if they were guilty of an error of judgment.

Answer: Affirmed.

The plaintiffs ask the court to charge:

1. If the defendant, being a corporation operating a line of railroad carrying passengers, permitted a railroad track owned by individuals to cross the defendant's track at grade and to be operated by individuals as a railroad, the defendant is responsible to the plaintiffs, being passengers on defendant's train, for all such negligence occurring on said private railroad track as would render defendant responsible to plaintiffs if the said negligence had occurred on the defendant's main track.

Answer: Refused.[1]

2. Under the admitted facts of the construction and location of defendant's road and the furnace track, the defendant is responsible for the careful and safe management and running of the furnace road.

Answer: Refused.[2]

3. The policy of the law is to discourage railroad crossings at grade, and the burden of proof is upon a railroad company maintaining a grade crossing, if injuries to passengers, which would not have occurred if said crossing had been overhead, occur at such crossing, to prove that the said crossing at grade could not reasonably have been avoided, and if such proof is not produced the presumption of negligence is against the defendant.

Answer: Refused.[3]

4. If the furnace track was a private railroad track operated by individuals, crossing the defendant's track at grade and operated by defendant's permission, the defendant is responsible to passengers on their main line of road, for the careful and skillful operation and management of the furnace road just as defendant is responsible for the main line of road.

Answer: Refused.[4]

5. That if the jury find from the evidence that the plaintiffs were passengers in the trains of defendant company, having paid fare, and were injured in a collision without fault on their

part, then the burden is upon the defendants to repel the presumption of negligence thus arising.

Answer: Affirmed.

6. If the jury find from the evidence that the engineer of defendant's train, wherein plaintiffs were passengers, failed to properly signal its approach to the furnace crossing, or to approach same at a proper rate of speed under all the circumstancse, this is such negligence as will sustain a recovery by the plaintiffs in this case. •

Answer: The facts stated in this point are evidence of negligence to be considered by the jury.

7. The defendant company is bound to furnish and maintain a safe and sufficient track in all respects and to guard its trains and passengers from every injury that human prudence could foresee and guard against, and if the jury believe from the evidence that the collision was rendered possible by reason of the structure and location of its tracks with reference to the track or switch of the furnace company, and that in the construction and use of said defendant's track the happening of an accident, such as this, might, by reasonable care and prudence, have been foreseen and guarded against, then the defendants are liable in damages to plaintiffs.

Answer: Refused, as a whole, because there is no evidence to sustain it.[5]

8. If under all the evidence the jury believe that the defendant company failed to use due and reasonable care, and in the construction and management of their road, guard, as far as human foresight could, against the occurrence of such collisions as this, the plaintiffs are entitled to recover, irrespective of the fact that the collision may have been due in part to negligence or lack of skill or care in the control or management of the furnace engine.

Answer: Affirmed.

So, gentlemen, you take the case. Remember, first, that the negligence to be made out is the negligence of the agents and and servants of the defendant company, and if the evidence does not satisfy you of that, the plaintiffs have failed to make out their case, and your verdict must be for the defendant. If you are satisfied that they were negligent, your verdict should be for the plaintiffs, in such sums as you find under the rule I have given you as to the measure of damages.

The verdict of the jury was in favor of the defendant, and, judgment being entered, the plaintiff, H. C. Bunting, took this writ, assigning as error:

1-4. The answers to the plaintiff's points.[1 to 4]

5. The answer to the plaintiff's seventh point.[5]

6. The answer to the defendant's fifth point.[6]

7. The exclusion of the plaintiff's offer.[7]

8. The part of the charge embraced in [ ][8]

*Mr. Thos. Patterson* (with him *Mr. Edward Campbell*), for the plaintiff in error:

1. The coke road was not a common carrier, nor a lateral railroad, but the private property of Robert Hogsett and as such it had no right to exist: § 7, act of April 15, 1851, P. L. (1852) 722; Edgewood R. Co.'s App., 79 Pa. 257; M. & A. Ry. Co. v. Mayes, 49 Ga. 355. It was not entitled to a crossing with the defendant company. Under such circumstances, railroad companies cannot disavow their liability for the negligence of third parties using their tracks and working injury to passengers: M. & A. Ry. Co. v. Mayes, 49 Ga. 355; I. C. R. Co. v. Barron, 5 Wall. 90; McElroy v. Railroad Co., 4 Cush. 400; Great Western Ry. Co. v. Blake, 7 H. & N. 986; Birkett v. Railway Co., 4 H. & N. 730; Buxton v. Railway Co., L. R. 3 Q. B. 549; Thomas v. Rhymney Ry. Co., L. R. 6 Q. B. 266; Sprague v. Smith, 29 Vt. 42; Redf. Car. 338, § 486; Peters v. Rylands, 20 Pa. 497; 2 Pars. Con. 220; Hutch. Car., §§ 514, 515.

A railroad company is responsible for the negligence of other corporations and individuals, including connecting railways, owners of cars run over their lines, lessee railways, etc.: Patterson's Ry. Acc. Law., 98, 132, 137, 139, 141; M. & A. Ry. v. Mayes, 49 Ga. 355; I. C. R. Co. v. Barron, 5 Wall. 90; C. St. & P. R. Co. v. Dunbar, 20 Ill. 385; O. & M. R. Co. v. Whipple, 22 Ill. 105; Nelson v. Railroad Co; 26 Vt. 717; Singleton v. Railway Co., 21 Am. & E. R. C. 226; P. C. & St. L. R. Co. v. Campbell, 86 Ill. 443; Freeman v. Railroad Co., 7 Am. & E. R. C. 410; Railroad Co. v. Brown, 17 Wall. 445; Pierce Rail., 239; 1 Thomp. Neg., 320. The right of a railroad company to its track is exclusive at all times for all purposes; Cauley v. Railway Co., 95 Pa. 401; P. & R. R. Co. v. Hummell, 44 Pa. 375; Mulherrin v. Railroad Co., 81 Pa. 366.

2. The law is opposed to grade-crossings. They are discouraged as dangerous both by the legislature and by the courts. Therefore, the burden was upon the defendant to explain the necessity of these crossings at the point where the collision occurred: P. & C. R. Co. v. Railway Co., 77 Pa. 186; B. & C. V. R. Co.'s App., 10 W. N. 530; act of April 4, 1868, P. L. 62.

3. The seventh point of the defendant, upon the answer to which the fifth assignment is made, embraced the principle that a railroad company is liable for an injury sustained by a passenger, when in the exercise of the highest care and foresight the danger of such injury might have been foreseen and its occurrence guarded against, the law as laid down in Sullivan v. Railroad Co., 30 Pa. 234. The occurrence of the injury was evidence enough to sustain the point: Laing v. Colder, 8 Pa. 479; P. & R. R. Co. v. Anderson, 94 Pa. 358.

4. The act of the defendant company in permitting the grade-crossing of the coke road in the manner shown by the testimony was the true cause of the collision, and the doctrine of proximate cause has no application in relief thereof: Hoag v. Railroad Co., 85 Pa. 293; West Mahanoy Township v. Watson, 112 Pa. 574; M. & St. P. Ry. Co. v. Kellogg, 4 Otto 469; Hayes v. Railroad Co., 111 U. S. 228; Rauch v. Lloyd, 31 Pa. 358; Penn. R. Co. v. Kelly, 31 Pa. 372.

*Mr. John Dalzell* (with whom was *Mr. John H. Hampton*), for the defendant in error.

1. Under the instructions of the court in the general charge and especially in the answer to the plaintiff's eighth point, the jury found that the defendant company had used due and reasonable care, and in the construction and management of the road had guarded, so far as human foresight could guard, against the occurrence of such a collision as injured the plaintiff. The law calls for no higher rule and does not impose on a railroad company the duty of locating its road in such a way as to avoid possible accidents.

2. A carrier is not liable for injuries resulting, either from the negligence of the passenger, or from the misconduct of third parties, when there is no such privity between them and the carrier as to make the latter liable on the principle of re-

spondeat ouster: P. F. W. & C. R. Co. v. Hinds, 53 Pa. 512. The principle ruling this case has been expressly decided in Federal St. etc. Ry. Co. v. Gibson, 96 Pa. 85. The defendant's contract with the plaintiff bound it only for the skill and prudence of its own operatives and others under its own control: Sprague v. Smith, 29 Vt. 427; Bridge v. Railroad Co., 3 M & W. 244; Robinson v. Cone, 22 Vt. 213; Thoroughgood v. Bryan, 8 C. B. 115.

OPINION, MR. JUSTICE PAXSON:

This case does not need extended discussion. The jury have found upon abundant evidence that the plaintiff was not injured by the negligence of the defendant company, but by that of a third party. Unless that result was produced by the admission of improper evidence, or by erroneous instructions to the jury upon the law, the plaintiff has no case.

A careful examination of the numerous assignments fails to disclose error of either description. The defendant's road at the point where the accident occurred is crossed at grade by another road belonging to the Lemont Furnace. The track of the latter crosses defendant's road, makes a semicircle and recrosses it at a distance of about 600 feet. The jury have found that the accident was the result of the negligence of the engineer and fireman of the furnace road. This finding was the only one reasonably possible from the evidence. But the plaintiff alleges that under the admitted facts of the construction and location of the defendant's road and the furnace track, the defendant is responsible for the careful and safe management of the furnace road: See second assignment. I hardly know how to treat a proposition of this kind. I can only say that I know of no reason, and have been furnished with none, why it should be so. And if it be correct I see no reason why the converse of it should not be true, and the furnace company be held responsible for the careful and safe management of the defendant's road. This would be moving in a circle.

Judgment affirmed.