CURTIS E. PRATT *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

ALEXANDER CLARK *vs.* SAME.

June 5, 1888.

**Railway—Crossing of Another Railway—Duty of Engineer.**—The duty of an engineer of a railway train is not fully performed by merely bringing his train to a stop at a stopping-board before reaching a railway crossing. It is his duty to observe the track he is about to cross, to ascertain whether there are any trains on it with which he would be liable to collide; and, even if he had the right of way, yet if he saw that a train upon the other road had passed its stopping-board without stopping, or was approaching it at such a rate of speed as to indicate that it would not stop, and hence that there would be danger of a collision in case he proceeded, he would not be justified in doing so, if he could stop his train before reaching the crossing.

**Same.**—Assuming, in this case, that defendant's train was brought to a stop at the proper place, and that the train on the other road was not, yet, under the evidence, the jury would have been justified in finding that, if defendant's engineer had exercised due care in looking, he would have seen the train on the other road, and discovered that it was about to make the crossing without stopping, in time to stop his own train before reaching the crossing, providing he kept it under proper control between the stop-board and the crossing.

Appeal by defendant, in each case, from an order of the district court for Hennepin county, *Lochren,* J., presiding, refusing a new trial. In the first case the verdict was for $3,500, and in the second

$5,500, and as a condition of refusing a new trial the court required the plaintiff to submit to a reduction to $1,750 in the first action, and to $2,500 in the second, which condition was complied with in each case.

*W. H. Norris* and *Flandrau, Squires & Cutcheon,* for appellant.

*C. H. Benton,* for respondent, in each case.

MITCHELL, J.   These appeals involve the same questions, and may be both considered together.   The actions were brought to recover for personal injuries caused by a collision between a train of defendant, on which plaintiffs were passengers, and a freight train of the Minneapolis & St. Louis Railway Company, at a crossing of the two roads at Norwood junction.   That one or both of the railway companies was grossly negligent is evident from the circumstances under which the collision occurred.   While, of course, plaintiffs were entitled to recover, and so insisted on the trial, if their injuries were caused by the concurrent negligence of both companies, yet, the plaintiffs being assisted on the trial by the active aid of the Minneapolis & St. Louis Company, the contest naturally drifted somewhat into a contention as to which company was in fault, each casting the entire blame upon the other.   The defendant's contention was that its train arrived first at its stopping-board, and was there brought to a full stop, while the train of the other road attempted to make the crossing without stopping at all.   The claim of the Minneapolis & St. Louis Company was exactly the reverse.   The testimony of the large array of witnesses produced by defendant,—a large majority of whom were apparently disinterested, being passengers on the train, or residents of the vicinity,—corroborated, as they are, by certain facts and circumstances appearing in the case, seems to us to amount to such a decided preponderance of evidence on both these questions, as against the interested and almost uncorroborated testimony of three or four employes of the Minneapolis & St. Louis Company, that, did the result turn exclusively upon these points, we might hesitate to affirm the action of the trial court in refusing to set aside the verdicts.   But if it be conceded that defendant's train was brought to a full stop, as it claims, and that the train of the Minneapolis & St. Louis Company attempted to make the crossing without stopping at all, this would

not be decisive of the cases. The duty of defendant's engineer was not performed by merely bringing his train to a full stop at the stopping-board. As the learned trial judge very properly instructed the jury, the object of stopping is to enable the engineer to take observations of the track he is about to cross, as to whether there are any trains on it with which he would be liable to collide, and to have his train under proper control in case of danger of collision; and while the train which reaches its stopping-board first has the right of way, and, in the absence of anything indicating the contrary, the engineer would have a right to act on the presumption that a train on the other track, which had not yet reached its stopping-board, would stop at the proper place, and concede the right of way, yet he would have no right to proceed, and attempt to make the crossing, so as to endanger his train, if he saw that his right of way was being disregarded by those in charge of the approaching train. If he saw that it had passed its stopping-board without stopping, or that it was approaching it at such a rate of speed as to indicate that it would not or could not stop, and hence that there would be danger of collision in case he proceeded, he would not be justified in doing so, if he could stop his train before reaching the crossing.

The evidence in this case is so voluminous, much of it requiring a reference to maps or diagrams, that it is impossible for us to do more than state certain general conclusions arrived at after its careful perusal. And, *first,* the evidence tends to show quite clearly that there was no obstruction which would have prevented defendant's engineer, when at his stopping-board, or at any point between it and the crossing, from seeing for quite a long distance an approaching train on the other road; and, *second,* if he brought his train to a full stop at the stop-board, he would not and should not have attained a rate of speed between that and the crossing (a distance of 400 feet) that would have prevented him from again bringing his train to a full stop in a very short distance,—say 40 or 50 feet,—as the evidence tends to show. Taking as true the evidence of defendant's own witnesses—many of them passengers on its train—as to the time when and the place where they first saw the other train, and as to its rate of speed as it approached its stop-board, (also 400 feet from the cross-

ing,) we think the jury would have been fairly justified in finding that, if defendant's engineer had exercised due care in looking, he would not only have seen the train, but also discovered that it would not or could not stop; and this, in time to have stopped his own train before reaching the crossing. If so, he was guilty of negligence which concurred with that of the other road in causing the accident. On this ground, at least, we think the verdict is justified by the evidence. This disposes of defendant's second and third assignments of error.

What has been already said sufficiently indicates the materiality of evidence as to the distances within which a passenger train such as defendant's could be stopped when running at certain rates of speed. The only real objection made to the admission of evidence as to the movements of defendant's train, referred to in defendant's first assignment of error, is that it was not rebutting. This is a matter going only to the order of proof, which is largely in the discretion of the trial court. The defendant itself called out part of this evidence on cross-examination, and allowed other witnesses to testify to it without objection. In fact, the only objection made to its admission which we can find was made after the evidence was given.

The trial court thought the damages awarded were too large, and required the plantiffs to remit a part as a condition of his refusing a new trial. We have no reason to doubt that this was a wise exercise of judicial discretion, but the verdicts were not so large as to warrant us in saying that the jury was influenced by passion or prejudice.

This disposes of all the assignments of error, and the result is that the orders denying a new trial must be affirmed.