Towers *v.* The Lake Erie and Western Railroad Company.

---

Towers *v.* The Lake Erie and Western Railroad Company.

[No. 2,434.  Filed January 4, 1898.]

RAILROADS.—*Injury at Crossing.—Contributory Negligence.*—Where a driver of a team of horses in crossing a railroad track which he knew to be dangerous and which was so located that an approaching train could not be seen, approached such crossing driving in a trot, without stopping to listen whether a train was approaching or not, was guilty of such negligence as to bar a recovery for an injury received by being struck by a passing train on such crossing, notwithstanding defendant's negligence in failing to sound the whistle or ring the bell in approaching such crossing as required by statute. *pp. 685–687.*

SPECIAL VERDICT.—*When Ultimate Facts Will be Disregarded.—Negligence.*—When the facts found in a special verdict are such that the court can, as a matter of law, adjudge that the injured party was or was not guilty of contributory negligence, the finding of such ultimate facts will be disregarded. *p. 687.*

From the LaPorte Circuit Court. *Affirmed.*

*Frank E. Osborn* and *W. C. Ransburgh,* for appellant.

*Mortimer Nye, W. E. Hackedorn* and *John B. Cockrum,* for appellee.

COMSTOCK, J.—Action for damages for personal injuries received by the appellant (plaintiff below), by

collision with defendant's train of cars at a crossing of a public highway over the defendant's road. Issue was formed by general denial. A special verdict was returned. Defendant's motion for judgment on the verdict was sustained, and appellant's overruled. These rulings are assigned as error.

The verdict shows that by reason of a cut, through which appellee's track was laid, and various obstructions, a view of trains running along said railroad to the south and east of said highway crossing could not be had by persons approaching said crossing on said highway from the south, at any point within 500 feet of said crossing until the railroad track was reached. On the day of the accident, appellee ran one of its trains, consisting of eight freight cars and a caboose pushed by an engine, at the rate of nine miles an hour over said crossing. Appellant was traveling northward along said highway, in a light covered wagon drawn by two horses, known by him to be spirited, and afraid of the cars. He had known said crossing for fifteen years; for three or four years last past he had crossed the same on an average of two or three times a week, and knew it to be dangerous. Said railroad was laid in a cut six to eight feet deep, and the highway cut down to a level with the railroad. The right of way of the railroad was one hundred feet wide; that of the highway sixty-three feet. The track was straight to the southeast for two thousand feet. Plaintiff, if he had looked and listened, could not have seen or heard the train before he drove onto the track. He knew that there was no regular train scheduled to pass over said crossing at said time. He stopped at a distance of twenty or thirty rods south of the railroad and partly let down the top of his wagon, looked and listened, and did not see or hear the train, and then drove on in a slow trot, continuing to look and

listen for the approaching train as he drove along; that he did not hear any train approaching said crossing until he was within fifteen to twenty feet of the railroad track. He believed at the time that it was too late to stop.and avoid injury, and he believed it best to cross the track if possible before the train. Within a few feet of the track the horses became unmanageable. The hind end of the wagon was struck, resulting in the personal injury for which he sues. The jury also found that appellant used ordinary care in approaching said crossing and in attempting to cross after he discovered the train. The accident occurred between 10 and 11 o'clock a. m. on the 11th of June, 1895. It was a clear, bright, still day. Appellant was possessed of good hearing and good eyesight. The facts found show defendant to have been guilty of negligence in not ringing the bell, or sounding the locomotive whistle as required by statute.

The only question we are called upon to decide is whether appellant was guilty of negligence contributing to his injury. We think this question must be answered in the affirmative. He knew the crossing to be dangerous. He approached it in a slow trot with a team of spirited horses afraid of the cars. The day was still, his hearing and sense of sight were good; the crossing was more than ordinarily dangerous. It was his duty to exercise caution commensurate with a danger known to him. As he could not see the approaching train, duty required upon his part the exercise of care in the use of his sense of hearing. The obstructions were known to him; it was his duty to stop and listen. If he had done so, he certainly would have heard, under the conditions, the approaching train in time to have avoided it.

Negligence of the defendant did not relieve appellant from exercising care. The railroad track being

on a level with the highway, was itself a warning of danger. His knowledge of the obstructions admonished him of the peril to which he was exposed. Driving his team known by him to be spirited and afraid of the cars without stopping to listen, under the circumstances, was clearly negligence. The case of Oleson v. Lake Shore, etc., R. W. Co., 143 Ind. 405, is instructive upon this question, and cites many authorities in point.

When the facts found in a special verdict are such that the court can, as a matter of law, adjudge that the injured party was or was not guilty of contributory negligence, then the finding of such ultimate facts, whatever they may be, will be disregarded by the court. Smith v. Wabash R. R. Co., 141 Ind. 92, 105; Cleveland, etc., R. R. Co. v. Moneyhun, 146 Ind. 147, 154.

Under the conditions known to the appellant, his conduct indicated an indifference to danger constituting negligence. Had he stopped his team and listened, he could not have failed to have heard the approaching train and avoided danger. See Smith v. Wabash R. R. Co., supra; Cleveland, etc., R. R. Co. v. Moneyhun, supra, and the authorities in said cases collected.

Judgment affirmed.