## Vincennes Traction Company et al. *v.* Curry, Administrator.

[No. 8,513.  Filed June 2, 1915.  Rehearing denied October 28, 1915.]

1. APPEAL.—*Waiver of Error.—Briefs.*—An assignment of error is waived by appellants' failure to present the question in the points and authorities set out in its brief.  p. 687.

2. APPEAL.— *Review.— Findings.— Conclusiveness.*— The court on appeal will not disturb the finding of the lower court if there is some evidence to sustain it.  p. 689.

3. STREET CARS.—*Crossing Steam Road.—Care Required.*—A street car company operating cars on a track which crosses the track of a steam railroad is charged with care proportionate to the danger at the point of crossing.  p. 690.

4. CARRIERS.—*Injuries to Passengers.—Collision.—Negligence of Steam Road.*—Where a street car company, whose track crossed at grade over the track of a steam railroad, was guilty of negligence which was the proximate cause of the death of a passenger in a collision of its street car with a train on the steam road, it can not avoid liability because of concurrent negligence on the part of the railroad company.  p. 690.

5. STREET RAILROADS.—*Crossing Steam Road.—Care Required.*— The same character and degree of care to avoid a collision must be exercised by those operating an electric car in approaching and going over a steam railroad crossing as is required to be exercised by one driving or operating an ordinary vehicle along and over such crossing.  p. 690.

6. CARRIERS.— *Injuries to Passengers.— Collision of Street Car With Train.— Concurrent Negligence.— Liability.*—Where a passenger on a street car is injured in a collision with a train, caused by the concurrent negligence of the railroad and street car companies, he may recover from either or both, and neither can interpose the defense that prior or concurrent negligence of another contributed to the injury.  p. 691.

7. STREET RAILROADS.—*Crossings Over Steam Roads.—Relative Duties.*—In the absence of statutory regulation there is a difference between the duties required of the servants of a steam railroad and those of a street railroad in approaching a crossing where the view is obstructed, in that the circumstances and conditions may require that the street railway employe shall stop the car before going on the crossing, and, if necessary, go forward to a place where he can determine if it is safe to proceed, by looking and listening for an approaching train, while under the same cir-

cumstances and conditions the employes of the steam railroad are not required to stop the train, but are only required to look and listen, to give proper signals, and to use the care commensurate with the danger. p. 691.

8. CARRIERS.—*Injuries to Passengers.—Collision.—Negligence of Steam Road.—Liability.*—Where the negligence of a railroad company is the sole cause of the death of a street car passenger in a collision of the street car with one of its trains, there can be no recovery against the street car company. p. 691.

9. CARRIERS.—*Duty to Passengers.—Street Railroads.*—The rule which requires a carrier to exercise the highest degree of care for the safety of its passengers consistent with the practical operation of its road, applies to street railroads. p. 692.

10. CARRIERS.—*Injury to Passengers.—Negligence.—Jury Question.* In an action for the death of a street car passenger in collision of the street car with the train of a railroad company, where the evidence as to the manner in which both the street car and the train approached the crossing, and as to conditions surrounding the crossing, etc., was such as to be reasonably susceptible to different conclusions and inferences on the question of negligence on the part of the street car company, the question of whether it was negligent was for the jury and its finding thereon is conclusive. p. 692.

11. CARRIERS.—*Injuries to Passengers.—Collision.—Crossing Railroad Track.— Negligence.— Contributory Negligence.—* Evidence showing that the motorman and conductor in charge of a street car did not stop the car and look and listen for an approaching train before attempting to cross a railroad track, when measured by the well-settled rules of law, was sufficient to convict them of negligence proximately contributing to the death of a passenger in the street car at the time of the resulting collision, and, in view of a finding to the contrary, it can not be said that decedent was guilty of contributory negligence in attempting to alight from the car after he discovered the danger. p. 692.

12. DEATH.—*Pecuniary Loss.—Evidence.—Sufficiency.*—Where the evidence showed that decedent, an unmarried man of twenty-three years, had since the time of his employment contributed to the support of his father and mother the sum of $5 per week, and during the last two years of his life the sum of $10 per week, that he was not at home excepting on Saturdays and Sundays and would occasionally be away for two or three weeks without returning home at all, and that he had a life expectancy of 39.31 years, while the life expectancy of his father and mother was 19.68 and 24.46 years respectively, the finding of the court that the parents had suffered a pecuniary loss by reason of the son's death was not unwarranted. p. 692.

13. DEATH.—*Damages.*—*Excessive Verdict.*—A verdict of $1,500 in an action for the benefit of the parents as the next of kin of decedent was not excessive in view of evidence showing that decedent contributed $10 per week to the support of his parents, that he was not at home excepting on Saturdays and Sundays and occasionally was not at home on some of those days, and that he was a young man twenty-three years of age with a life expectancy of 39.31 years, while that of his father and mother was 19.68 and 24.46 years respectively, and in the absence of anything to show that the amount of the verdict was influenced by prejudice, passion or corruption. p. 692.

From Daviess Circuit Court; *James W. Ogdon,* Judge.

Action by William C. Curry, administrator of the estate of Burtis A. Curry, deceased, against the Vincennes Traction Company and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*James W. Emison, Ewing Emison, M. S. Hastings, E. E. Hastings, J. G. Allen, A. W. Allen, W. R. Gardiner, C. G. Gardiner* and *C. K. Tharp,* for appellants.

*John Wilhelm, S. G. Davenport, A. J. Padgett* and *Alvin Padgett,* for appellee.

SHEA, C. J.—Appellee, as administrator of the estate of Burtis A. Curry, deceased, brought this action against appellants to recover damages for the alleged negligent killing of his decedent while the latter was a passenger on one of appellants' street cars in the city of Vincennes, Indiana. It appears, in substance, from the first paragraph of amended complaint, that appellant, Vincennes Traction Company since January 1, 1910, has owned and operated a street railway in the city of Vincennes, Indiana, and appellant Vincennes Traction and Light Company owned and operated said railway from August 7, 1909, to January 1, 1910; that the track of said railway crossed at grade on Second Street in the city of Vincennes a track of the Evansville and Terre Haute Railroad Company, a steam railroad. On August 7, 1909, about 10 p.m. decedent was a passenger on one of the cars then owned and operated by the Vin-

cennes Traction and Light Company and, as said street car approached the steam railroad crossing, a train of refrigerator cars with two men with lighted lanterns thereon was being pushed by a steam locomotive on said railroad track toward the crossing, and the street car and train of cars approached the crossing at the same time; that as the street car approached the crossing, and while yet a safe distance of fifteen or twenty feet therefrom, the train of cars on the railroad track was only thirty or forty feet therefrom, moving at a speed of four or five miles an hour, and could have been seen and heard by the motorman and conductor, employes of appellant in charge of the street car, had they looked and listened or exercised due diligence before going upon the crossing; that the motorman and conductor carelessly and negligently ran the street car toward and on said crossing, when the train of cars was approaching the crossing and only twenty feet distant therefrom, at a speed of four or five miles an hour, without stopping the street car at a safe distance from the crossing, and waiting for the train of cars to pass over same, and negligently and carelessly failed and neglected to look and listen and ascertain before running the street car on the crossing whether any train was approaching on the railroad track near enough to endanger the safe passage of the street car over the crossing; that immediately before the train of cars struck said street car and while said street car was on the crossing, decedent saw the train of cars approaching so close and at such a rate of speed that a collision was imminent and, in trying to save and protect himself from death or serious injury, quickly got off the car at the side opposite the one toward which the train was approaching, and the only one open for passengers to enter and leave the car, and attempted to flee from the threatened danger, but as he did so, and before he could get away, the street car was, while on the crossing, struck by the train of cars, pushed and knocked off the track and

turned over on decedent, causing his death; that decedent was twenty-three years old, and this action is brought for the benefit of his father and mother to whose support he contributed. Appellant Vincennes Traction Company is made a party to the action by reason of the fact that after the death of appellee's decedent, and before · this action had been brought, the Vincennes Traction and Light Company conveyed all its property, franchises and holdings to the Vincennes Traction Company, thereby leaving the former without any property against which a judgment could be enforced, and it is sought to follow the property then and now in the hands of the Vincennes Traction Company. The second paragraph· is the same as the first, except that it is alleged that decedent was still on the car when it was struck, and was thrown out on the ground, and the car thrown on top of him, thereby causing his death.

The court overruled demurrers addressed to each paragraph of· the complaint. An answer in general denial formed the issues tried by the court without the intervention of a jury, resulting in a finding and judgment for appellee.

The errors assigned are the overruling of appellants' demurrer to each paragraph of complaint and overruling the motion for a new trial. Appellants present no question as to the sufficiency of the complaint in the points and authorities, so that assignment of error is waived. It is properly presented and argued in appellants' behalf that the court erred in overruling the motion for a new trial for the following reasons: (1) that the decision and finding of the court are not sustained by sufficient evidence; (2) that the damages assessed by the court are excessive.

The evidence discloses that the street railway was owned and operated at the time of the accident by appellant Vincennes Traction and Light Company. Subsequently, and before the trial of the cause, it was acquired by appellant

Vincennes Traction Company. Its tracks crossed a switch track of the Evansville and Terre Haute Railroad Company, a steam railroad, at grade in Second Street in the city of Vincennes, Indiana; that the switch track extends from the main track through a narrow alley into said Second Street, at the crossing; that at the time of the accident a street car, on which decedent was a passenger, was approaching the crossing from the north. At the same time, on the switch track, there was approaching the crossing from the west an engine, backing seven or eight refrigerator freight cars toward the crossing. On the car nearest the crossing were two employes of the steam railroad company with lanterns. The accident occurred about 10 o'clock at night. There were no lights on the crossing, and the moon was not shining. There was a passing switch upon the street railway lines about fifty feet from the crossing, at which point the car which came into collision with the steam railroad cars passed another street car going in the opposite direction. The evidence is conflicting as to whether the street car stopped upon the switch. The evidence is also conflicting as to whether the street car stopped at all as it approached the crossing. All witnesses except appellants' employe state the car did not stop. The speed at which the street car was moving was from two to four miles per hour. The speed at which the steam cars were moving was from about eight to twelve miles per hour. In approaching the crossing on the steam railroad, there was a sharp curve, in passing over which the wheels of the cars made a loud grinding noise by their pressure against the rails, which, it is stated, could be heard from one-quarter to one-half mile. The employes of the steam railroad on top of the train, when they were a distance of from forty to eighty feet, saw the street car approaching, realized the danger of collision with the street car, and made an effort to attract the attention of the motorman and conductor of the street car by waiving their lanterns and hallooing in

a very loud tone of voice, which was heard by many people in the neighborhood, on the streets and in the houses. Because of the obstructions to the view in approaching the crossing, due to the narrow alley in which the track of the steam railroad was laid, and the houses upon either side, it was regarded as a very dangerous place. The motorman and conductor were familiar with all the surroundings, and crossed over it twice each hour during the day when they were at work. There is evidence that the motorman and conductor could have seen the train on the steam railroad track approaching when the street car was from twenty to forty feet from the track, and the cars on the switch track were sixty to a hundred feet distant. The motorman testifies that he did not see the approaching train on the steam track until he was very near to, or on the crossing, and the cars on the steam railroad track were about twelve feet distant. No explanation is given for the failure to see the signals given by the trainmen with lanterns or the approaching train sooner. Neither is there any explanation of their failure to hear the noise made by the train in passing around the curve, nor the noise made by the train employes, which attracted the attention of passersby, as well as residents in the neighborhood.

Upon the facts thus stated, appellants insist that there is no evidence upon which the court could rest the finding and judgment. The rule has been repeatedly announced that this court will not disturb the finding of the lower court where there is some evidence to sustain it. *Evansville Gas, etc., Co.* v. *Robertson* (1914), 55 Ind. App. 353, 100 N. E. 689; *Keys* v. *McDowell* (1913), 54 Ind. App. 263, 100 N. E. 385; *Delaware, etc., Tel. Co.* v. *Fiske* (1907), 40 Ind. App. 348, 81 N. E. 1110. There is evidence that the street car was not stopped in approaching a dangerous crossing, and it is contended that other proper precautions were not used by appellants' employes

to discover the approach of the train upon the steam road. A statement of the law respecting the duties of appellants in such cases will aid us in reaching a conclusion.

Appellants were charged with care proportionate to the danger at the point of injury. *Prothero* v. *Citizens St. R. Co.* (1893), 134 Ind. 431, 439, 33 N. E. 765. Much argument has been made by appellants' learned counsel in an effort to show that the employes of the steam railroad company were guilty of negligence in approaching the crossing. We make no finding upon that question, as it is not important in view of the conclusion we have reached. If the street car company was guilty of negligence which proximately contributed to the injury, then it can not be released from liability because of the concurrent negligence of the railroad company. The following authorities sustain this principle. *Towers* v. *Lake Erie, etc., R. Co.* (1898), 18 Ind. App. 684, 48 N. E. 1046; *Indianapolis Traction, etc., Co.* v. *Romans* (1907), 40 Ind. App. 184, 79 N. E. 1068; *Pittsburgh, etc., R. Co.* v. *Browning* (1904), 34 Ind. App. 90, 71 N. E. 227; *Cincinnati, etc., R. Co.* v. *Acrea* (1907), 40 Ind. App. 150, 81 N. E. 213; *Louisville, etc., Lighting Co.* v. *Hynes* (1907), 47 Ind. App. 507, 515, 91 N. E. 962; *City of Logansport* v. *Smith* (1911), 47 Ind. App. 64, 73, 93 N. E. 883; *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822; *Grand Rapids, etc., R. Co.* v. *Ellison* (1889), 117 Ind. 234, 20 N. E. 135; *San Antonio, etc., R. Co.* v. *Bowles* (1895), 88 Tex. 634, 32 S. W. 880; 33 Cyc. 738. The same character and degree of care to avoid a collision must be exercised by those operating an electric car in approaching and going over a steam railroad crossing, as is required to be exercised by one driving or operating any ordinary vehicle along and over such crossing. 36 Cyc. 1505; *Indianapolis Union R. Co.* v. *Waddington* (1907), 169 Ind. 448, 82 N. E. 1030. If the concurrent negligence of two persons combined, results in in-

jury to a third person, he may recover of either or both, and neither can interpose the defense that prior or concurrent negligence of another contributed to the injury. 1 Thompson, Negligence (2d ed.) §75; *South Bend Mfg. Co. v. Liphart* (1895), 12 Ind. App. 185, 39 N. E. 908; *Indianapolis Union R. Co. v. Waddington, supra.*

6.

In the absence of statutory regulations, there is an element of difference between the duties required of the servants of a steam railroad, and those of an electric street railroad in approaching a crossing where the view is obstructed, such as the one we are considering. For instance, the street railway employe may be required, if the place of crossing is more than ordinarily dangerous, to stop the car before going on the crossing, and if necessary go forward to a point where he can see whether it is safe to proceed, and look and listen for an approaching train. *Pittsburgh, etc., R. Co. v. Browning, supra;* 3 Elliott, Railroads (2d ed.) §§1166a, 1167. The employes of steam railroads are not required in a case such as this to stop their train, and go forward and look for an approaching train, but are required to look and listen, to give proper signals, and use due care commensurate with the danger to avoid injury to persons and vehicles at the crossing. In other words, the steam train has precedence in crossing, upon giving the required signals. *Evansville, etc., R. Co. v. Berndt* (1909), 172 Ind. 697, 88 N. E. 612. If the street

7.

car company had been free from fault, as appellants' learned counsel very earnestly and ably argue, and the negligence of the railroad company was the sole cause of the injury, then there could be no recovery in this case. 33 Cyc. 736; *Central Passenger R. Co. v. Kuhn* (1888), 86 Ky. 578, 6 S. W. 441, 9 Am. St. 309; *Wabash R. Co. v. Barrett* (1904), 117 Ill. App. 315; *Pratt v. Chicago, etc., R. Co.* (1888), 38 Minn. 455; *Kansas City, etc., R. Co. v. Stoner* (1892), 51 Fed. 649, 2 C. C. A. 437; *Bunting v. Pennsylvania R. Co.* (1888), 118 Pa. St. 204, 12 Atl. 448.

8.

"The rule which requires a carrier of passengers to exercise the highest degree of care for the safety of its passengers consistent with the practical operation of its road, and which is generally applied to the actual progress of the passenger on the journey undertaken, applies to street railroads." *Louisville, etc., Traction Co.* v. *Walker* (1912), 177 Ind. 38, 46, 97 N. E. 151, and authorities cited. See, also, *Indianapolis Southern R. Co.* v. *Emmerson* (1913), 52 Ind. App. 403, 409, 98 N. E. 895. We do not find such a state of facts presented by the evidence in this case as will warrant this court in declaring as a matter of law that appellant street railway company was free from fault. The rule is well settled that where reasonable minds may differ upon the conclusions and inferences to be drawn from the evidence, then the question is one of fact for the court or jury trying the cause. Such a case is presented by the evidence here. *Cleveland, etc., R. Co.* v. *Clark* (1912), 51 Ind. App. 392, 97 N. E. 822; *Indiana Union Traction Co.* v. *Love* (1913), 180 Ind. 442, 99 N. E. 1005. The conduct of appellants' employes as shown by the evidence herein set out, when measured by the well-settled rules of law, convict them of negligence which proximately contributed to the decedent's death. We can not say that decedent was guilty of contributory negligence in attempting to alight from the car after he discovered the danger, in view of the trial court's finding to the contrary, which is suggested, but not argued in appellants' brief. 2 Nellis, Street Railways (2d ed.) §516.

The facts disclose that decedent was an unmarried man twenty-three years of age. He had been employed by Hollweg & Reese of the city of Indianapolis, Indiana, for a period of four years. During that time his salary had been increased from $6 per week, while he was engaged in the store, to $1,000 per year, at the time of his death. For a period of two years his duties were to represent his firm upon the road as a travel-

ing salesman. During a part of the time he was so employed, he contributed to the support of his father and mother $5 per week. During the last two years of his lifetime, he contributed to them $10 per week. During that time he was at home only on Saturdays and Sundays, sometimes being away for two or three weeks without returning home at all. Upon this state of facts, it is argued that the amount of recovery, $1,500, is excessive. Decedent was twenty-three years of age, with an expectancy of 39.31 years; his mother was 45 years old with an expectancy of 24.46 years, and his father 52 years, with an expectancy of 19.68 years. We have no doubt that the trial court took into consideration the fact that the next of kin might die within the period of their expectancy or that decedent might die an early natural death, or might get married, or for some other reason might discontinue his contributions to the support of his father and mother. The rule is well settled in these cases that the recovery is based upon the pecuniary loss sustained by the next of kin. If decedent had contributed to the support of his father and mother, and they had reasonable expectation of his ability and willingness to continue those contributions, then they are entitled to recover. We can not say that the trial court was not warranted in finding that pecuniary loss was sustained by the next of kin. *Chicago, etc., R. Co.* v. *Vester* (1911), 47 Ind. App. 141, 156, 93 N. E. 1039, and authorities cited; *Korrady* v. *Lake Shore, etc., R. Co.* (1892), 131 Ind. 261, 29 N. E. 1069; *Diebold* v. *Sharp* (1898), 19 Ind. App. 474, 49 N. E. 837. Neither can we say that the damages are excessive under the well-established rule of this court as well as the Supreme Court. We can not say the trial court was influenced by prejudice, passion, or corruption in assessing the amount of damages, and this court would not be warranted in disturbing the verdict for that reason. *Picquet* v. *McKay* (1831), 2 Blackf. 465; *Creamery, etc., Co.* v. *Hotsenpiller* (1902), 159 Ind. 99, 64 N. E. 600; *L. S. Ayres & Co.* v. *Harmon* (1914), 56

Ind. App. 436, 104 N. E. 315. We find no error in the record. Judgment affirmed.

NOTE.—Reported in 109 N. E. 62. On effect of concurrent negligence of third person, see 17 L. R. A. 33. As to liability of street railway for injury to passenger caused by collision at railroad crossing, see Ann. Cas. 1913 E 179. See, also, under (1) 3 Cyc. 388; (2) 3 Cyc. 360; (3) 6 Cyc. 624; 36 Cyc. 1504, 1505; (4) 6 Cyc. 624; (5, 7) 36 Cyc. 1504, 1505; (9) 6 Cyc. 595; (10) 29 Cyc. 630; (11) 36 Cyc. 1600; (12) 13 Cyc. 361; (13) 13 Cyc. 378.