injustice has been done. It has been repeatedly held that under such circumstances the judgment of the court below will not be disturbed. It is to be regretted that so many hopeless appeals are prosecuted, and appellants consequently subjected to unnecessary expense, oftentimes exceeding the amount in controversy. The perusal of any one of a long series of authorities which could be cited should discourage the prosecution of appeals purely upon questions of fact, which must necessarily eventuate in affirmance. Pelletreau v. Power Co., 13 Misc. Rep. 237, 34 N. Y. Supp. 125; Patterson Gas Governor Co. v. Lichtenstein Bros. Co., 9 Misc. Rep. 126, 29 N. Y. Supp. 279; Goodman v. Riccadonna, 13 Misc. Rep. 66, 34 N. Y. Supp. 169; Mitchell, Vance & Co. v. Daiker (Com. Pl.) 19 N. Y. Supp. 378; Lynch v. Kluber, 20 Misc. Rep. 601, 46 N. Y. Supp. 428; Lowenthal v. Copland, 18 Misc. Rep. 6, 41 N. Y. Supp. 8; Foster v. Meeks, 18 Misc. Rep. 463, 41 N. Y. Supp. 950.

The judgment must be affirmed, with costs. All concur.

---

(26 Misc. Rep. 392.)

### SCHILLER v. DRY DOCK, E. B. & B. R. CO.

(Supreme Court, Appellate Term. January 24, 1899.)

**1. APPEAL—QUESTIONS CONSIDERED—NECESSITY OF ARGUMENT.**
    Where a complaint is dismissed on motion, on the grounds that plaintiff had been negligent and that the evidence failed to establish defendant's negligence, and in argument on appeal no effort is made to sustain the judgment on the former ground, only the latter ground will be considered.

**2. DISMISSAL—CONSTRUCTION OF EVIDENCE.**
    On motion for dismissal at the close of plaintiff's evidence, such evidence must be taken as true, and construed in a light most favorable to plaintiff.

**3. CARRIERS—INJURY TO ALIGHTING PASSENGERS—NEGLIGENCE.**
    Plaintiff, corroborated by two other witnesses, testified that defendant's street car stopped to permit him to alight, and that, while one foot was on the ground and one on the car step, the car started, without a signal from the conductor. *Held* sufficient to entitle him to go to the jury, although he testified in cross-examination that he was infirm, and that he "fell off."

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Barnett Schiller against the Dry Dock, East Broadway & Battery Railroad Company to recover damages for personal injuries. From an order dismissing the complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Otto H. Droege and Henry L. Franklin, for appellant.
Hoadley, Lauterbach & Johnson, for respondent.

FREEDMAN, P. J. This action was tried by a justice of the municipal court and a jury, and at the close of plaintiff's case the defendant moved for a dismissal of the complaint, on the grounds that the plaintiff had been guilty of contributory negligence and that the evidence was insufficient to establish defendant's negligence. The court granted the motion, without assigning any reason, and the plaintiff duly excepted. The plaintiff then moved for a new trial, under

section 999 of the Code.   The motion was denied, and the plaintiff duly excepted.   Thereafter an appeal was taken.

On the argument of the appeal no attempt was made to sustain the judgment on the ground that the plaintiff had been guilty of contributory negligence, and consequently the only question left for review relates to the sufficiency or insufficiency of the evidence on the question of defendant's negligence.   The motion for a dismissal of the complaint was made at the close of the plaintiff's case.   In such a case, the testimony of the plaintiff and his witnesses must be taken by the court as true, and construed in the light most favorable to the plaintiff, and the plaintiff is entitled to the benefit of all the inferences which, if the case were submitted to the jury, he might properly ask the jury to draw in his favor from the testimony.   It is only when, after the application of the rule as stated, there is not sufficient evidence upon which the jury might render a verdict, that the court is authorized to grant a nonsuit.   These rules have been reiterated so often, and are so well settled, that they require no citation of authorities to sustain them.   It therefore remains to be seen what plaintiff's evidence, under these rules, amounted to at the time he rested his case.

The action was brought to recover damages for personal injuries sustained by the plaintiff in attempting to alight from one of the cars of the defendant.   At that time the relation of carrier and passenger existed between the parties.   The defendant owed to the plaintiff the duty to carry him safely to his destination, which included the duty to give him a reasonable opportunity to alight from the car.   On approaching a certain point the plaintiff requested the conductor to stop the car, and the bell was rung for that purpose, and the car did stop. So far all the testimony agrees.   The plaintiff then proceeded to alight, and, while he had one foot on the step of the car and the other on the ground, the car, according to plaintiff's testimony, started again. In this statement the plaintiff stands corroborated by two witnesses. The plaintiff, however, was infirm upon his legs, and used a cane, and from this circumstance, and the fact that, after having testified to being thrown off by the premature starting of the car, he, in the course of his cross-examination, several times said that he "fell off," the defendant insists that the plaintiff fell off the car by reason of his infirmity, and not by reason of the premature starting of the car.

This is not the most favorable, but the most unfavorable, interpretation of plaintiff's testimony; for he persisted in adding, as often as he got a chance, not only that the car had started again, but also that the start occurred after the conductor had rung the bell to go ahead, and that at that moment he still had one foot on the step. Infirm as the plaintiff may have been, the defendant, nevertheless, owed him the duty to give him a reasonable opportunity to alight, and consequently, upon the facts as stated, there was sufficient evidence to carry the case to the jury, and the jury should have been left to determine whether, in point of fact, the plaintiff's injuries were caused by the premature starting of the car while he was in the act of getting off, or by a fall caused solely by his own infirmity.

True, in actions to recover damages by reason of the alleged negligence of the defendant, the rule is well settled that a plaintiff cannot

be permitted to leave his case in a position as consistent with the exercise of due care as with negligence; but this rule was satisfied in the case at bar by testimony to the effect that, in any aspect of the case, the car was started again by the conductor before the plaintiff was fairly off. As the case stood when the plaintiff rested, there was sufficient testimony, if true, to warrant the jury in rendering a verdict for the plaintiff, and the credibility of the testimony should have been submitted to the jury.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

(26 Misc. Rep. 394.)

MANHATTAN FIRE INS. CO. OF CITY OF NEW YORK v. HARLEM RIVER LUMBER & WOOD-WORKING CO.

(Supreme Court, Appellate Term. February 24, 1899.)

1. INSURANCE—BROKERS—AGENCY.

Insured returned a policy for cancellation to brokers who had procured it for him, and they canceled it and procured another to replace it. *Held* that, in procuring the second policy, the brokers were agents of insured.

2. SAME—RATIFICATION BY INSURED.

After insurance brokers had been instructed by a customer not to write any further insurance for them until requested, the customer mailed them a policy for cancellation, and the brokers canceled it, but procured a new one to replace it, which they mailed to insured. He acknowledged receipt of it, and requested that no new policy be written without authorization, and then took it to another broker for examination, intending to keep it if the company "stood well," and returned it after retaining it 12 days. *Held*, that insured had ratified the brokers' act in procuring the policy.

Appeal from municipal court, borough of Manhattan, Second district.

