JOHNSON v. THORN et al.

(Supreme Court, Appellate Term. April 21, 1899.)

1. DISMISSAL—CONSTRUCTION OF EVIDENCE.
On motion to dismiss at the close of plaintiff's case, his evidence must be taken as true, and construed in the light most favorable to him.

2. PLEADING—ADMISSIONS.
Defendant is bound by an admission in his answer.

Appeal from municipal court, borough of the Bronx, Second district.

Action by Charles Johnson against Julia Thorn and others. From a judgment dismissing his complaint, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Erdman, Levy & Mayer, for appellant.
George B. Dunn, for respondent Jorgensen.
Phillips & Avery, for respondents Voughts.

FREEDMAN, P. J. This action was brought to foreclose a mechanic's lien filed against the property of the defendant Julia Thorn, who paid the amount claimed by the lien into court, and, at the opening of the trial, the complaint was dismissed as to her. The defendants Henry H. and Nathan Vought, doing business as Vought Bros., and the defendant Jorgensen, filed separate answers. At the close of the plaintiff's case. each of the defendants made a motion to dismiss the complaint of the plaintiff, which motion was granted. In such a case, the testimony of the plaintiff and his witnesses must be taken as true, and must be construed in the light most favorable to the plaintiff. Schiller v. Railroad Co., 26 Misc. Rep. 392, 56 N. Y. Supp. 184. While the offer of the defendants Vought Bros. to pay the sum of $30 and costs into court should not be regarded as an admission of liability on their part, yet there was testimony given on the part of plaintiff and his witnesses from which, standing as it did, unexplained and uncontradicted, the court below might have found that the plaintiff performed some so-called "extra work," for which Vought Bros. promised and agreed to pay. The answer of the defendant Jorgensen also expressly admits an indebtedness from him to the plaintiff of at least the sum of $10, and he (Jorgensen) is bound by

that admission.　Schreyer v. Mayor, etc., 39 N. Y. Super. Ct. 1; Paige v. Willet, 38 N. Y. 28.　The judgment must therefore be reversed.

Judgment reversed, new trial ordered, with costs to the appellant to abide the event.　All concur.