SCHAEFER v. CENTRAL CROSS–TOWN R. CO.

(Supreme Court, Appellate Term.   December 28, 1899.)

1. APPEAL—DISMISSAL—PRESUMPTIONS.

On appeal from a dismissal of a complaint, plaintiff's testimony must be taken as true, and given the benefit of all inferences which the jury might properly have found in plaintiff's favor had the case been submitted.

2. STREET RAILROADS—NEGLIGENCE—QUESTION FOR JURY.

A passenger with a large basket boarded a street car, paid her fare, and received a transfer to another line.  She made no signal to stop the car, but when it reached the transfer point it stopped, and two other passengers arose and left the car.  She arose at the same time, and followed them out.  As she descended from the car, holding her basket in both hands, the car was suddenly started, at the signal of the conductor, and she was injured.  *Held* error to dismiss her complaint, it being a question for the jury whether the conductor was advised of her intention to alight, and whether he gave her a reasonable time to alight, or was negligent in starting the car when he did.

3. SAME.

It is not negligence per se for a passenger to alight from a street car without taking hold of the railings to guard against a sudden movement of the car.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by Mary Schaefer against the Central Cross-Town Railroad Company.  From a judgment for defendant, dismissing plaintiff's complaint, she appeals.  Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Lyman A. Spaulding, for appellant.
Edward D. O'Brien, for respondent.

LEVENTRITT, J.   In view of the dismissal of the complaint, the testimony offered on behalf of the plaintiff must be accepted as true; and she is entitled to all inferences which a jury, had the case been submitted to it, might properly have found in her favor.   Schiller v. Railroad Co., 26 Misc. Rep. 392, 56 N. Y. Supp. 184.

At about 8 o'clock in the evening on the 31st day of July, 1899, the plaintiff, a washerwoman, carrying a large basket filled with linen, boarded one of the defendant's cars at Ninth street and First avenue.   Immediately upon paying her fare, she asked and obtained of the conductor a transfer for a Broadway car.   She testified that she had traveled on the Cross-Town line several times a week for a period of 10 years, always with her wash basket, and that all the conductors knew her.   On this particular occasion the car stopped, as usual, on the easterly side of Broadway, at the intersection of Eighth street, to permit passengers to alight.   She had made no signal or request of the conductor to stop the car, but when it came to a standstill two other passengers on the same seat with her rose to leave the car.   She testifies:

"I stood up at the time when the other people stood up. * * * I guess those two ladies were right before me. * * * Right when the last lady went down, I went down."

As she descended from the car, holding her basket in both hands, and when she had one foot on the ground, the car was suddenly started, at the signal of the conductor, and the injuries for which this action was brought resulted.

We are of the opinion that on this state of facts the dismissal of the complaint was erroneous. A conductor of a street-railroad car should give passengers a reasonable time to alight, and failure to do so is negligence. Poulin v. Railroad Co., 61 N. Y. 621. In this case we are satisfied that it was a question of fact whether the conductor was advised of the plaintiff's intention to alight. It cannot be said, as a matter of law, that each individual passenger must make a personal request of, or signal or communication of intention to, the conductor, that he or she desires to get off. Where a number of people arise simultaneously after one of them has signaled the conductor, it is his duty to give all of them equal opportunity to leave the car safely. In the case at bar, the car had stopped at a corner where it was usual for it to halt to permit transfer to connecting cars. The conductor had issued a transfer to the plaintiff for this crossing, and should be presumed to have known that she desired to alight at the place for which the transfer was given. It might almost be said that points for which transfers have been issued bear some resemblance to regular stations of steam-railroad companies, where it is incumbent on them to stop long enough to allow passengers a reasonable time to alight, whether or not the conductor knows of any passengers desiring to leave the car. McDonald v. Railroad Co., 116 N. Y. 546, 22 N. E. 1068. It was also a question of fact whether the conductor did give the plaintiff a reasonable time to alight. If, as in the case before us, he was not on the rear platform, but somewhere towards the front of the car, it was equally his duty to ascertain whether the car could safely be started. There is proof that his attention was attracted to the plaintiff. She followed directly behind passengers who had signaled the conductor, or who had arisen in response to the invitation to alight contained in his announcement, "Broadway," when the car reached that thoroughfare. The authority invoked by the defendant (Losee v. Railroad Co., 63 Hun, 404, 18 N. Y. Supp. 297) is not in point. The reversal was not on ground of failure on the part of the plaintiff to give notice of her intention to alight, but for error in the judge's charge. The court held that, under the circumstances of the case, where the plaintiff had not given any signal to the conductor, nor had offered any proof to show that the conductor's attention had been attracted to her, but had merely risen in the car and taken a few steps towards the conductor after another passenger had safely alighted, it was a question for the jury whether the conductor was justified in starting the car when he did. This opinion, however, contains the statement of the rule (by way of dictum, it is true) here adopted as applicable:

"When he [the conductor] stops for one passenger who signals him, another may take advantage of the opportunity to leave the car." At page 405, 63 Hun, and page 298, 18 N. Y. Supp.

In this case it was clearly for the jury to say whether the conductor saw the plaintiff attempt to alight, or whether he could or

should have seen her, or whether or not he was negligent in starting the car when he did.

It cannot be said, as a matter of law, that the plaintiff was guilty of contributory negligence. It is not negligence per se for a passenger to board or alight from a car without taking hold of the railings to guard against a sudden movement of the car. Ganiard v. Railroad Co., 50 Hun, 22, 2 N. Y. Supp. 470, affirmed in 121 N. Y. 661, 24 N. E. 1092. It is said in that opinion:

> "Some have packages in one hand, and some in both, and none have reason to suppose the car will start with a sudden and dangerous motion while they are passing in."

And this is equally true when they are passing out.

FREEDMAN, P. J., concurs.

MacLEAN, J. (concurring). Although it may have been natural for the learned justice who heard the evidence, with its responses to leading questions, to grant the motion to dismiss the complaint, there appears upon the transcript of the minutes of the stenographer evidence of circumstances sufficient for the submission to the jury of the questions of contributory negligence, or the lack of it, on the part of the plaintiff, and of the negligence of the conductor of the defendant, even though the verdict might have been set aside afterwards, and I therefore concur in the result; but I am not prepared to subscribe to the statements that, where a number of people rise simultaneously after one of them has signaled a conductor, it is his duty to give all of them equal opportunity to leave the car; or that the asking for and taking of a transfer on the East Side, between Avenue A and First avenue, constitute a notice which is to be borne in mind by the conductor at Broadway; or that, because the car always stopped on the east side of Broadway when the plaintiff was on it, that that locality is to be likened to regular stations of steam-railroad companies, where it is incumbent on them to stop long enough to allow passengers a reasonable time to alight.