ARTHUR C. KIMBER, Appellant, *v.* METROPOLITAN STREET RAILWAY COMPANY, Respondent.

*Negligence — injury to a person seeking to get on a car while in motion.*

In an action brought to recover damages for personal injuries it appeared that the defendant, a street railway company, operated its Second Avenue line and its Third Avenue line on the same street, the Second Avenue line being operated on the two middle tracks and the Third Avenue line on the two outside tracks. The plaintiff testified that while he was waiting close to the outside tracks preparing to board a car on the Second Avenue line, he saw a car on that line and a car on the Third Avenue line coming abreast; that when they were seventy-five feet distant he signaled to the motorman of the Second Avenue car by waving his hand, and that the motorman applied the brake; that as the cars continued to approach, the Third Avenue car went ahead, and that the plaintiff waited until it passed; that he then passed around to the rear of the Second Avenue car. He further testified that the car was then

moving slower than a man could walk, while his witnesses testified that it was at rest; that at this moment the plaintiff and the conductor were looking at each other, and that the conductor had his hand on the bell rope; that the plaintiff put one foot upon the lower step and grasped the rail of the car with one hand and the rail of the dashboard with the other, when the car shot forward with a tremendous jerk and the plaintiff was thrown to the ground and injured.

*Held*, that it was error for the court to set aside a verdict in favor of the plaintiff;. That the jury might have found that the plaintiff was justified in the belief that the car had been stopped, or its speed lessened in response to his signal, or if they believed that at the time in question the car was at rest, or almost at rest, although not in response to the signal of the plaintiff, they might have found that the plaintiff was warranted in attempting to enter the car.

APPEAL by the plaintiff, Arthur C. Kimber, from an order of the Supreme Court, made at the Kings County Trial Term and entered in the office of the clerk of the county of Kings on the 3d day of June, 1901, setting aside the verdict of a jury for $500 rendered in favor of the plaintiff, and granting the defendant's motion for a new trial made upon the minutes.

*J. Aspinwall Hodge, Jr.*, and *L. Lafayette Fawcett*, for the appellant.

*Theodore H. Lord* and *Henry A. Robinson*, for the respondent.

JENKS, J.:

The learned trial justice set aside the verdict and granted a new trial upon the sole ground that the evidence did not warrant the finding of the jury that the plaintiff was free from contributory negligence. The version of the plaintiff is that he sought passage on a car of the Second avenue line of the defendant at a place where the defendant was operating that line on two middle tracks and its Third avenue line on two outside tracks. He stood close to the outside tracks and saw two cars of the different lines coming abreast. When the cars were seventy-five feet distant, he looked at the motorman of the Second avenue car and the motorman looked at him. He signaled to the motorman by wave of hand, and the motorman applied the brake. The cars came on, but the Third avenue car shot ahead, and the plaintiff waited until it passed in order to cross the track to the Second avenue car. He then passed around to the rear of the Second avenue car. The plain-

tiff says that this car was then moving, but slower than a man could walk. His witnesses say that it was at rest. At this time the plaintiff saw the conductor. They were looking one at the other. The conductor had his hand on the bell rope. The plaintiff put one foot upon the lower step, caught hold of the rail or rod of the car with one hand, and the rail of the dashboard with the other, when suddenly the car gave a tremendous jerk, shot forward, and the plaintiff fell to the ground, and was injured. I may note that the plaintiff is corroborated in some respects by the testimony of two disinterested witnesses. If this version was credited, then the jury might properly have found upon the evidence that the plaintiff was justified in the belief that the car had been arrested or stopped, that he might enter it. Or if the jury believed that at the time in question the car was almost at rest or at absolute rest, though not in response to the signal of the plaintiff, then the jury might properly have found upon the testimony of the plaintiff that he was warranted under the circumstances in attempting to enter the car. It was for the jury to say whether the appearance of things justified the plaintiff to act as he did act. Certainly it was not negligence *per se* for the plaintiff to attempt to board the car even though it was moving in the manner indicated by the plaintiff, and not at rest as testified to by his witnesses. *Armstrong* v. *Metropolitan Street R. Co.* (36 App. Div. 525; affd., 165 N. Y. 641), relied upon by the learned counsel for the appellant, may be discriminated. Armstrong was a passenger on a moving car, who sought to alight, and while there was testimony tending to show that he signaled to the conductor, there was absolutely no evidence that the conductor communicated with the gripman indicating that the plaintiff wished to alight, or that the gripman had slowed up for that purpose, and so we held that the plaintiff was not justified in assuming that a reduction of speed was made in obedience to his signal to the conductor.

The order should be reversed and judgment be directed to be entered upon the verdict of the jury.

All concurred.

Order reversed, with costs, and judgment unanimously directed upon the verdict.