(72 App. Div. 181.)

## LOBSENZ v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. May 23, 1902.)

STREET RAILROADS—FAILURE TO STOP—BOARDING MOVING CAR—INSTRUCTIONS.
    Where plaintiff was injured by the premature starting of a street car,
which he had attempted to board while it was moving "at a snail's pace,"
an instruction, in an action for his injuries, that the usual invitation to
board a public vehicle is that it stops, and, in all ordinary cases, to get
aboard a moving public vehicle is imprudent, was erroneous, as applying
to street railroads the law applicable to steam railroads; it not being
contributory negligence per se for a person to board a moving street car.
    Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Jacob Lobsenz, an infant, by Theodore Lobsenz, his
guardian ad litem, against the Metropolitan Street Railway Com-
pany. From a judgment in favor of defendant, and from an order
denying a new trial, plaintiff appeals. Reversed.

Argued before McLAUGHLIN, PATTERSON, O'BRIEN, IN-
GRAHAM, and LAUGHLIN, JJ.

Clifford Seasongood, for appellant.
Theo. H. Lord, for respondent.

PATTERSON, J. The plaintiff sued to recover damages for per-
sonal injuries alleged to have been caused by the negligence of one
of the defendant's servants in prematurely increasing the speed of a
car which he attempted to board on Fourth avenue, at the northerly
crossing of Thirty-First street. The plaintiff testified that he sig-
naled the motorman to stop; that the motorman put his hand to
the brake, whereupon the car came almost to a standstill, or, as
the plaintiff expressed it, "was moving at a snail's pace"; that the
plaintiff had one foot on the step of the rear platform of the car,
when the speed was suddenly accelerated, and he was thrown to the
ground and injured. There were witnesses for the defendant who
flatly contradicted the plaintiff. Under McDonald v. Railway Co.,
167 N. Y. 66, 60 N. E. 282, it was the duty of the court to submit
the case to the jury, which was done, and they found a verdict for
the defendant. From the judgment entered upon the verdict, this
appeal is taken.

Although many grounds of error are assigned by the appellant,
it is unnecessary to consider any of them but one, and that is suffi-
cient to reverse this judgment. This accident happened upon a
street railway, and the court charged the jury as follows:

"The usual invitation to us to get aboard of a public vehicle is that it
stops, and, in all ordinary cases, to get aboard of a moving public vehicle
is imprudent. This case turns upon this: Did the plaintiff act as would a
reasonably prudent person, and did the motorman of the car act as would
a prudent person at that time?"

To this an exception was taken. That in this instruction to the
jury the court uses the word "imprudent," instead of "negligent,"
in connection with the accident, does not relieve it from the criticism
that it states a proposition of law plainly applicable in cases of sur-

face railroads operated by steam, as in Soloman v. Railroad Co.,
103 N. Y. 437, 9 N. E. 430, 57 Am. Rep. 760, and Mearns v. Rail-
road Co., 163 N. Y. 108, 57 N. E. 292, but which does not apply
to cases of street railways in cities. The trial judge stated, as mat-
ter of law, that in all ordinary cases to get aboard or attempt to
get aboard of a moving public vehicle is "imprudent," which was
used as a synonym or substituted and equivalent word for "neglect."
This seems to be apparent from the fact that the court refused to
charge that it is not always negligence, as matter of law, for a
person to get upon a street car while it is in motion, so that, even
if the plaintiff boarded or attempted to board the car while in mo-
tion, the jury might still find in his favor. In Eppendorf v. Railroad
Co., 69 N. Y. 195, 25 Am. Rep. 171, it is said that ordinarily it is
perfectly safe to get upon a street car moving slowly, and thousands
of people do it every day with perfect safety, and it cannot be said,
as matter of law, that it is always negligent for a person to get
upon a street car while in motion. Substantially the same remark
is made in Moylan v. Railroad Co., 128 N. Y. 583, 27 N. E. 977,
and in Kimber v. Railway Co., 69 App. Div. 353, 74 N. Y. Supp.
966. In those cases the court seems to give effect to that which
is patent to the observation of every one in a large city,—that per-
sons frequently enter upon a street car while it is moving slowly.
The act may be a negligent one or an imprudent one, but it is not
necessarily so, in contemplation of law. In this case the trial judge
started with a proposition which was controlling of the whole case,
which was stated as a rule of law, and which, when it was proved
that the plaintiff entered upon a moving car, fixed in the minds of
the jury that that act, in and of itself, was what the law declared
to be imprudent, and, for the purposes of this case, a negligent
act. When the case was thus sent to the jury, at the very outset
of the judge's remarks the controlling proposition was erroneously
stated, and must have affected the minds of the jurors. This was
an error, for which the judgment and order should be reversed, and
a new trial ordered, with costs to appellant to abide the event. All
concur except INGRAHAM, J., who dissents.