MARGARET J. GILLESPIE, Appellant, *v.* YONKERS RAILROAD COMPANY, Respondent.

*Negligence — a street car passenger having a transfer ticket injured while alighting from the car at the point of transfer in the absence of the conductor — when a nonsuit is improper.*

In an action brought to recover damages for personal injuries it appeared that the plaintiff boarded one of the defendant's street cars and received from the conductor thereof a transfer ticket entitling her to passage upon another street car line. Just before the car reached the point of transfer the plaintiff noticed the conductor leave the car. When the car reached the point of transfer it stopped and the plaintiff started towards the rear thereof. Before she had reached the door the car started, but stopped a car length further on. The plaintiff then went upon the platform of the car, and while she was in the act of alighting from the steps the car suddenly started, without signal or warning, and she was thrown into the street.

At the time the car stopped on the second occasion there was no person or vehicle in the street in front of it, or anything to indicate that the car had stopped for any other purpose than to permit passengers to alight.

The accident occurred about eight o'clock in the evening, when it was not very dark and when the streets were lighted. The plaintiff was familiar with the locality and with the point of transfer.

*Held,* that the question whether the plaintiff was guilty of contributory negligence was one of fact and not of law, and that it was improper for the trial court to nonsuit the plaintiff;

That the absence of the conductor left the plaintiff to her own resources, and that, as she was thereby put to an election between acting upon the reasonable appearance of things indicating that the car had stopped for her convenience or of submitting to the inconvenience of being carried beyond the place of transfer, the question whether, in adopting the alternative she did, she exercised a proper degree of care was for the jury to determine.

In reviewing a judgment entered upon a nonsuit, the plaintiff is entitled to the most favorable view which the evidence warrants.

APPEAL by the plaintiff, Margaret J. Gillespie, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 3d day of November, 1902, upon the dismissal of the complaint by direction of the court after a trial at the Westchester Trial Term.

*John F. Coffin,* for the appellant.

*Edward D. O'Brien,* for the respondent.

HIRSCHBERG, J.:

The learned counsel for the respondent states the facts of this case in his brief (omitting reference to the folios of the printed case) as follows: "The action was brought to recover damages for personal injuries alleged to have been sustained by the plaintiff on September 27th, 1900, in alighting from a car of the defendant near the junction of Elm Street and Palisade Avenue, in the City of Yonkers. The claim was that the plaintiff, who was riding on an Elm Street car, asked for and was given a transfer for a Park Avenue car on Palisade Avenue. When the car reached the vicinity of Palisade Avenue plaintiff attempted to alight. The conductor was not then on the car, but had gotten off just before it came to a stop, and the plaintiff had noticed this fact. The car having stopped but temporarily, proceeded on again and the plaintiff waited until it came to a second stop. While in the act of alighting she alleges that the car suddenly accelerated its speed, causing her and her four-year-old daughter, whom she was assisting, to fall to the street. There is considerable confusion in the plaintiff's testimony as to the exact place where the accident happened, and it is not clear from her testimony whether she fell before the car got to the tracks on Palisade Avenue or afterwards. However, it appeared distinctly that at the time she attempted to alight, the conductor was not on the car and that plaintiff did not notify either the conductor or motorman of her intention to alight. Nor was there any evidence from which it could be inferred that they were aware of her intention."

While this statement of the facts is not strictly accurate, there is enough contained in it to indicate that the question upon which the learned trial justice based the nonsuit, viz., the plaintiff's contributory negligence, was one of fact and not of law. When the plaintiff asked the conductor for a transfer, and was given one by him, he was notified of her intention to leave the car when it reached the place where passengers were usually transferred. As Mr. Justice LEVENTRITT said, writing for the Appellate Term in *Schaefer v. Central Crosstown R. R. Co.* (30 Misc. Rep. 114, 115): "In the case at bar, the car had stopped at a corner where it was usual for it to halt to permit transfer to connecting cars. The conductor had issued a transfer to the plaintiff for this crossing and should be pre-

sumed to have known that she desired to alight at the place for which the transfer was given." Here, however, the conductor, after being notified that the plaintiff desired to transfer, had left the car just before the point of transfer was reached, and she was obliged to depend chiefly upon her own experience and judgment in determining where it would be safe and proper to alight. The accident occurred shortly before eight o'clock in the evening, when it was not very dark and the streets were lighted. The plaintiff was familiar with the locality and had transferred there many times before. The car on which she was riding was going through Elm street; the Park avenue car to which she was to transfer passed through Palisade avenue, and the usual point of transfer was, of course, the junction of the two streets. She was sitting in the car with her mother and her daughter, and testified that the " car stopped before it came to the switch and at the place where it usually stopped to let passengers off to transfer." She further testified : " I had transferred at that corner before, at the same place. I knew where the place was on Elm Street, near Palisade Avenue, where the car stopped to let off passengers who wanted to transfer to the Park Avenue car. I had gotten off at that place many times before. I know where the switch is just below that point where the car stops to let passengers off. I know there is a switch there. I know that the car stops to let people off who want to transfer to the Park Avenue car before they reach that switch. I know that is the rule." Her mother also testified that " when the car reached the place of transfer, corner of Palisade Avenue and Elm Street, it stopped." It was then that the plaintiff arose and started toward the rear of the car with her little girl, but the car having started she remained inside holding onto the door until it again stopped after going a distance of about a car length. The car having then stopped a second time, she opened the door, went out on the platform, and while she was in the act of alighting from the steps, the car was suddenly started again without signal or warning, and she was thrown into the street. At the time the car stopped on the second occasion there was no person or vehicle visible in the street in front of it, and nothing tending to indicate that the car had stopped for any purpose other than to afford an opportunity to transfer to passengers intending to do so.

In reviewing a judgment entered upon a nonsuit the plaintiff is entitled to the most favorable view which the evidence warrants. (*Stuber* v. *McEntee*, 142 N. Y. 200, 205.) The absence of the conductor left her measurably to her own resources, and if she was thereby put to an election between acting upon the reasonable appearance of things indicating that the car had stopped for her convenience, or submitting to the inconvenience of being carried by the place of transfer, it was a proper question for the jury whether her adoption of the alternative exhibited a want of ordinary care. (*Filer* v. *N. Y. C. R. R. Co.*, 49 N. Y. 47.) In other words, it was for the jury to say whether the appearance of things justified the plaintiff in acting as she did. (*Kimber* v. *Metropolitan Street R. Co.*, 69 App. Div. 353.) She might, of course, in the exercise of extreme caution, have endeavored in some way to communicate with the motorman for a verification of the apparent fact that he had stopped the car for the transfer of passengers, but it surely cannot be said as matter of law that so high a standard of care is usually imposed upon themselves by trolley travelers similarly situated.

The judgment should be reversed.

GOODRICH, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.