Prothero v. The Citizens' Street Railway Company.

Filed May 10, 1893.

———————

No. 15,580.

PROTHERO v. THE CITIZENS' STREET RAILWAY COMPANY.

| 134 | 431 |
|-----|-----|
| 143 | 386 |
| 134 | 431 |
| 152 | 671 |

INSTRUCTIONS TO JURY.—*Enumeration of Facts and Circumstances.— Limitation of Considerations of Jury to Facts Enumerated.— When Erroneous.*—If, in instructing the jury, the court seeks to limit the consideration of the jury to the facts and circumstances enumerated in it, and the instruction omits material facts disclosed by the evidence, such instruction will be erroneous.

SAME.—*Negligence.—Passenger.—Street Railroad.—Requisite Degree of Care.*—Where a passenger entered a street railroad transfer car, and while waiting there received injuries by falling out of a door of the car, an instruction was erroneous which informed the jury " that if she took the position against or close to the door without observing it, she did so without being guilty of negligence, and that if defendant's servant was guilty of negligence, she can recover, if, occupying the position she did, she fell without fault on her part."

NEGLIGENCE.—*Passenger.—Entering Public Place.—Requisite Degree of Care.*—Persons traveling, entering cars or vehicles or structures for the accommodation of passengers while waiting for cars, are not

Prothero *v.* The Citizens' Street Railway Company.

justifiable to go into such place and close their eyes and ears to the natural and ordinary use of the premises and things surrounding them. They are required to use their senses to such extent as a reasonably prudent person would have done under the circumstances to avoid danger.

RAILROAD.—*Common Carrier of Passengers.—Degree of Care Required of.*—A common carrier of passengers is required to exercise the highest degree of care, diligence, vigilance, and skill, which care is dependent to some extent upon the degree of peril which would be incurred by reason of a lack of vigilance.

SAME.—*Passenger.—Duty of to Follow Directions of Company's Servants. —Reliance on Servant's Knowledge of Danger.—Presumption.*—It is the duty of a passenger on a car to follow the reasonable instructions of those in charge of the car in regard to moving from one part of the car to another, unless it is apparent to the passenger that the movement would be attended with danger; and the passenger may rightfully presume that the servants in charge of the cars are familiar with their operations, and have a reasonable knowledge of what is safe and prudent for the passengers to do. And if, in obedience to the directions of such a servant, a passenger, standing in a safe place, where injury would not have occurred, moved to another part of the car, unaware of the fact that the place was unsafe, and while there received an injury by reason of assuming such position without fault on her part, the company would be liable for such injury; and in the absence of apparent danger, such passenger had the right to assume that the place to which she was directed to move was safe.

From the Marion Circuit Court.

*T. Hanna* and *N. M. Taylor,* for appellant.

*H. C. Allen,* for appellee.

OLDS, J.—This is an action by the appellant against the appellee to recover damages resulting from an injury to the appellant alleged to have been inflicted by reason of the negligence of the appellee and its servants, through no negligence of the appellant. The appellant, at the time of the injury, was a passenger on appellee's street railroad, and, leaving one car, stepped into the transfer car of appellee for the purpose of taking another car on appellee's line; that, while in the transfer car, the servant of the appellee suddenly opened the door

of the transfer car, which was done by means of a lever operated on the opposite side of the car, pushing the door into a perpendicular groove in the side of the car; that the method of opening the door was not perceptible by a person at such door; that appellant was unacquainted with the premises, the car was filled with passengers, and appellant was standing in the car near to or against the door, and when the door was so suddenly opened the appellant, without fault on her part, fell out of said door and was injured.

It is further alleged that she was occupying the position she did in the car at and before she fell by the direction of an employe of the appellee.

Issues were joined on the complaint, and there was a trial resulting in a verdict and judgment for appellee. Appellant filed a motion for a new trial, which was overruled, and exception reserved. This ruling is assigned as error.

The only questions discussed relate to the instructions given and refused by the court.

It is first contended that the court erred in the giving of the fifth instruction.

It is contended that this instruction is erroneous, for the reason that it attempts to enumerate the material facts as shown by the evidence, which should be considered by the jury in reaching their verdict, and determining as to whether or not the appellee was guilty of negligence; that the court having attempted to enumerate the facts, it must enumerate all of the facts which there was evidence tending to establish, and relied upon by the appellant for a recovery, and that the court, in this instruction, omitted some of the facts relied upon, and which there was evidence tending to support.

If the premise of counsel were correct, it is possible this
VOL. 134—28

conclusion would follow, but this we need not determine. We do not deem it necessary to set out the instruction in full. It does not attempt to set out or enumerate the facts which the jury shall consider. It is true, it does enumerate some facts.

The court, in a former instruction, stated to the jury the degree of care to be exercised by the appellee as a common carrier of passengers, and instructed them that it was an undisputed fact that the appellant was a passenger at the time of the injury. In this instruction the court told the jury that, "You will bear in mind what has been said as to the high degree of care required of a common carrier of passengers. With this in mind, you will review and consider all the evidence before you in the cause, tending to show the actual conduct of the defendant's servants and employes, the construction, dimensions," etc., of the transfer car, continuing by enumerating many other facts, and concluding by saying: "And, in short, all the facts brought out in evidence, bearing upon the question of the conduct of the defendant and its servants in this matter, and from a view of all of the facts and circumstances, you will determine and say whether the defendant has been guilty of that want of care required by the law or not."

The instruction does not bear upon its face or warrant the construction that it was intended to confine the jury to the consideration of the facts and circumstances enumerated, or to exclude any facts or circumstances disclosed by the evidence from their consideration; but, on the contrary, the jury were told that they should consider all the facts and circumstances disclosed by the evidence.

An instruction which sought to limit the consideration of the jury to the facts and circumstances enumerated in it, and which omitted material facts disclosed by the evidence, would no doubt be erroneous; but, as we con-

strue this instruction, it does not attempt to so curtail the facts and circumstances to be considered by the jury, but expressly directs them to consider all the facts and circumstances disclosed by the evidence.

Counsel for the appellant next contend that the sixth instruction given by the court was erroneous. The instruction, omitting a formal part, is as follows:

"The plaintiff was bound to use reasonable care on her part to avoid injury to which defendant's negligence, if any, may have exposed her. Reasonable care may be defined to be that degree of care which a prudent person would have exercised under the circumstances in which the plaintiff found herself at that time. By this test, was the plaintiff free from negligence herself? Might she, situated as she was, by the exercise of ordinary prudence, have avoided injury to herself notwithstanding the negligent conduct of the defendant? If so, she can not recover if she failed to exercise such care. In considering this question all the evidence bearing upon the points indicated in the foregoing instruction, as to defendant's negligence, is proper to be considered also. If, in the light of all of these circumstances in evidence, a reasonably prudent person, exercising her faculties of sight and hearing, would have seen or heard, and avoided the danger; or, if the danger was apparent and easily avoidable to a person exercising reasonable care, as before defined, the plaintiff can not recover, if she negligently failed to avoid it, and must suffer the consequences of her own carelessness."

It is insisted that this instruction is erroneous, for the reason that in view of the place appellant was at, and the circumstances surrounding her, she was not under obligation to anticipate danger, or required to use her faculties of sight and hearing, or required to use any care at all to avoid danger.

With this view of counsel we can not concur. She was at a place where there was at least some danger, and where she did, in the course of her stay, receive an injury. The degree of care and vigilance to be exercised by a person depends much on the surroundings and apparent danger. The place where the injury to the appellant is alleged to have occurred, is alleged in the complaint to be, and is conceded to be, a small room or car used for, and denominated, a transfer car, situate in a public street, some two feet above the surface of the street, entered from the street by steps, and used for a waiting room for passengers upon the appellee's lines of street railroad in the city of Indianapolis, into which passengers go to wait for a car, and which they pass through in changing from cars running upon one street to those running upon another, which car has doors opening and closing to admit passengers coming in, and to permit others to go out. While it may be a reasonably safe place, yet the very purpose and use made of it, as well as the surroundings, necessarily make it a place of some danger, and require some care, on the part of persons entering it, to avoid injury. One is not justifiable to go into a public place and close his eyes and ears to the natural and ordinary use of the premises and things surrounding them, and lean against a door liable to be opened at any moment and permit him to fall. Persons traveling, entering cars or vehicles or structures of the character of the one in this case, are required to use their senses of sight and hearing to avoid apparent danger.

In all cases a person is required to exercise ordinary prudence to avoid danger. Such prudence may require more or less exercise of the senses, owing to the situation and surroundings. In some instances, a person of ordinary prudence would give but little heed to the things surrounding him, while in others, where danger was

quite apparent, he would exercise a much higher degree of.diligence to avoid danger. The extent to which one's faculties must be exercised to constitute ordinary care depends upon the particular surroundings.

The instruction in this case lays down the rule that the appellant was required to exercise such care and diligence in the observation of the things around her, and to avoid danger as an ordinarily prudent person would under the circumstances; leaving it for the jury to take into consideration all the facts and circumstances developed by the evidence in the case, and say whether or not the appellant was guilty of negligence which contributed to the injury.

The instruction does not go to the extent of holding that appellant was required to exercise her faculties of sight and hearing and mental power to their full extent and capacity, or to any particular degree, but that she was required to exercise them to the extent which a reasonably prudent person would have done under all the circumstances. The instruction correctly stated the law. *Stewart, Admx.*, v. *Pennsylvania Co.*, 130 Ind. 242.

It is next contended that the court erred in refusing to give instruction numbered four requested by the appellant.

This instruction states, in effect, that if the jury find that appellant came into the transfer car, and the seats were occupied so that she was required to stand while waiting for her car, and that while so standing and waiting she leaned against or stood close to the sliding door thereof, not knowing that it was a door, and believing it to be the side of the car, or if she was jostled by the crowd against or near to the door, and the door was operated by a servant of the defendant on the inside of the car, and if the servant, by the exercise of the high degree of foresight required by law of the defendant as a car-

rier of passengers, could have seen that the appellant was against or close to the door, so that it would probably be dangerous to her to open it, then it was the duty of the defendant's servant, before opening the door, to notify appellant and give her time to get away from the same; and if he failed to give her notice, but opened the door suddenly, without warning to appellant, and thereby, without her fault, caused her to fall out of said car and to be injured, then the jury should find for the appellant.

The fault referred to in the instruction clearly refers to the falling from the car, and has no relation to appellant taking the position which she did, near to or leaning against the door without observing that it was a door and believing it was the side of the car.

This is an action for damages on account of the negligence of the appellee, and not for the willful injury of the appellant by the appellee. If the servant could, with reasonable diligence, have observed the appellee standing in a dangerous · position if the door was opened in the usual way, and he failed to notice her and warn her, he would be guilty of negligence. While, upon the other hand, if the appellant came into the car and carelessly took a position in such close proximity to the door, or leaned against it in a position to be injured if the door was opened, and failed to observe that it was a door, when with the exercise of reasonable care and the use of her faculties, she could and ought to have known that there was a door which she was leaning against or which was in close proximity to her, and if opened she would probably receive an injury, the door being plainly discernible by the exercise of her faculties, she would be guilty of contributory negligence, and could not recover, notwithstanding the negligence of the appellee's servant in fail-

ing to observe her position and warn her of it and wait for her to remove.

The instruction assumes that if she took the position against or close to the door without observing it, she did so without being guilty of negligence, and that if the appellee's servant was guilty of negligence, she can recover, if, occupying the position she did, she fell without fault on her part; and in this it is erroneous, for if she was guilty of negligence in taking the position and in failing to observe the door and guard against the danger which was apparent, and it contributed to the injury, she could not recover. Possibly, if the servant of the appellee opening the door knew she occupied the dangerous position, and that she would fall if he opened it, and he did open it without warning her, and she fell, the injury would be wantonly inflicted, and a liability would follow, notwithstanding the appellant's negligence in taking the position and failing to observe the door, but the case is not prosecuted on that theory, nor is the instruction based upon that theory.

The instructions given were reasonably explicit in relation to the rights and duties of the parties, and we do not think the court erred in refusing to give this instruction.

As to the degree of care to be used, this instruction uses the words ''highest degree of foresight.'' Care is required to be used proportionate to the probability of danger. *Brosnan* v. *Sweetser*, 127 Ind. 1.

In relation to the general transportation of passengers when danger is constantly apparent, common carriers of passengers are required to exercise the highest degree of care, diligence, vigilance and skill. Beach on Contributory Negligence (2d ed.), section 144. See, also, section 21, Beach, etc., *supra; Louisville, etc., R. W. Co.* v. *Snyder*, 117 Ind. 435; *Louisville, etc., R. W. Co.* v. *Lucas*,

119 Ind. 583; *Pennsylvania Co.* v. *Marion,* 123 Ind. 415. Evidently the degree of vigilance must to some extent depend upon the degree of peril which would be incurred by reason of a lack of vigilance. The appellee was required to exercise care proportionate to the danger at the point of the injury.

It is further contended that the court erred in refusing to give the fifth instruction requested by the appellant, which is as follows:

"*Fifth.* It is the duty of the passenger on a car to follow the reasonable instructions of those in charge of the car, in regard to moving from one part of the car to another, unless it is apparent to the passenger that the movement would be attended with danger; and a passenger may rightfully assume that the servants in charge of the car are familiar with the operations of the car, and that they have a reasonable knowledge of what is safe and prudent for the passengers in giving such instructions. Therefore, if you find from the evidence that one of the servants of the defendant directed the plaintiff to move to that part of the car where the accident occurred, it was the duty of the plaintiff so to do, unless it was known and apparent to her that it would be unsafe for her to do so. And, in the absence of apparent danger, she had a right to assume that it was safe for her to move to, and stand at, the place where the defendant's servants directed her to move to in the car. And if you find that it was an unsafe place for the plaintiff to stand, and that, without her fault, she was injured by reason of her moving to, and standing at, such place, then your finding should be for the plaintiff."

This instruction correctly stated the law. See *Louisville, etc., R. R. Co.* v. *Kelly,* 92 Ind. 371, and authorities there cited.

The only question remaining relates to the applicability

Prothero v. The Citizens' Street Railway Company.

of the instruction to the issues and facts in this case. We think the issues broad enough to authorize a recovery for an injury sustained in this manner, if there was evidence to support it. The particular theory mapped out in this instruction is based upon the negligence of the appellee's servants in charge of the car, and if there is any evidence tending to support the theory that the appellant had entered the car, and was standing in a safe place where the injury would not have occurred, and that a servant in charge of the car directed her to move to a dangerous place, without warning her of .it, and she obeyed his directions, the danger not being apparent, and not being known to her, and while so remaining there the injury occurred by reason of the negligence of the appellee's servants, and through no fault of the appellant, the appellee would be liable.

There is some evidence in support of the theory mapped out in the instruction: that she came into the car, it being crowded; that she took a position which was safe; that darkness was coming on; that a servant came to where she was, and, for the purpose of closing a window, directed her to stand aside; she obeyed his order, stepping aside, and taking the position occupied by her when the injury occurred, moving only a foot or two in obedience to the request of the servant of the company, and immediately after her change in position the door was opened and she fell.

The evidence bearing upon this theory, while it may not have been strong enough to necessarily require a finding for the appellant if the instruction had been given, yet there is sufficient evidence tending to support such theory as entitled the appellant to have the instruction given, and the case presented to the jury on that theory, and allow the jury to determine the question of fact and the weight to be given to such evidence.

The court erred in refusing to give this instruction, and for such error the judgment must be reversed.

Judgment reversed, with directions to grant a new trial.

Filed Mar. 10, 1893; petition for a rehearing overruled May 19, 1893.