Anderson *v.* The Citizens' Street Railroad Company.

Filed Feb. 23, 1895.

---

No. 1,326.

ANDERSON *v.* THE CITIZENS' STREET RAILROAD COMPANY.

NEGLIGENCE.—*Law and Fact.*—The question of negligence should generally be left to the jury, for it is only in exceptional cases that it is a matter of law.

SAME.—*As a Matter of Law.—Instruction, What Facts Should Enumerate.*—If an instruction undertake to declare negligence or no negligence as a matter of law, it should enumerate all the facts which may have had some relation to the injury.

STREET RAILROAD.—*Duty to Passengers While Alighting.—Negligence.— Personal Injury.*—Stopping a street car a reasonable time for passengers to alight is not sufficient. It is the duty of the conductor, or those in charge, to see and know that no passenger is in the act of alighting or in a dangerous position before putting the car in motion again. And it is not sufficient to excuse negligence to show that the car was operated in the usual way.

SAME.—*Duty to Passenger While Alighting.—Age and Physical Condition of Passenger.*—It is the duty of a servant in charge of a street car to take into consideration the age and physical condition of a passenger in the act of alighting.

EVIDENCE.—*Personal Injury.—Bodily or Mental Feelings.*—Whenever

the bodily or mental feelings of a person are material to be proved,
the usual expressions of such feelings, made at the time, are origi-
nal evidence.

From the Marion Superior Court.

*B. F. Watson, E. Woollen* and *W. W. Woollen,* for ap-
pellant.

*A. L. Mason* and *W. H. Latta,* for appellee.

LOTZ, J.—In this action the appellant sought to re-
cover damages for personal injuries alleged to have been
sustained on account of being thrown from appellee's
street car while in the act of alighting therefrom.

On behalf of the appellant there was evidence which
tended to prove that at the time of the injury she was a
large and corpulent person, of the age of sixty-five years,
rather slow in her movements and actions. On the day
of the injury she became a passenger on appellee's street
car. The car was drawn by mules and had no conductor
other than the driver. As the car approached appel-
lant's point of destination, it was signaled to stop, and
did stop. Several other passengers got off at the same
point. The appellant waited until the others had
alighted, to avoid being crowded. She then moved
slowly from the platform down upon the step of the car
holding to the iron railing. As she was about to step
upon the ground the car started suddenly and with a
jerk, and she was thrown to the ground and injured.

There was evidence on the part of the appellee that
tended to prove that the car stopped more than the usual
length of time for the appellant and other passengers to
alight; that it was dark and the driver could not see the
appellant after she got upon the step; that he waited a
sufficient length of time for her to alight, and that when
the car started he believed that she had alighted.

There was also evidence that tended to show that the

appellant had reached the ground when the car started, and that she was thrown to the ground by reason of holding to the railing of the car.

That the appellant was thrown to the ground and injured, was an undisputed fact.

The jury returned a verdict for appellee.

A motion for a new trial was overruled, and this is the error assigned.

The court gave this instruction:

"5. If you find from the evidence that the car upon which the plaintiff was a passenger stopped for the plaintiff to alight, and waited long enough for the plaintiff, by the use of due diligence, to alight from said car in safety, and the driver of said car believing she had so alighted, started up his car in the usual manner, believing the plaintiff had alighted in safety, then the defendant was not guilty of negligence, even though you find it to be the fact that the plaintiff was still on the step of the car when the car started up."

Upon the facts assumed, this instruction undertakes to rule the question of negligence as a matter of law. The question of negligence, in general, is one that should be left to the jury. It is only in exceptional cases that it is a matter of law. *Hoggatt* v. *Evansville, etc., R. R. Co.*, 3 Ind. App. 437.

Whenever an instruction undertakes to declare negligence or no negligence as a matter of law, it should enumerate all the facts which may have had some relation to the injury. *Pennsylvania Co.* v. *Hensil*, 70 Ind. 569.

It was the duty of appellee's driver to take into consideration the age and physical condition of the appellant at the time she attempted to alight. Booth Law Street R'ys, section 349.

There was undisputed evidence that she was old and infirm. The question of negligence could not be ruled

as a matter of law and taken from the jury unless all the facts which may have had a bearing upon it were considered. *Pennsylvania Co.* v. *Hensil, supra.*

The instruction makes no allusion to appellant's physical condition. There is a marked difference between the duties the law imposes upon those who operate street railways and those who operate ordinary steam railways. The latter usually run upon schedule time and have fixed places for receiving and discharging passengers. There is a higher degree of care imposed upon street railways than upon ordinary steam railways. When their cars stop for passengers to alight it is the duty of their servants to stop long enough for the passengers to alight, and to see that the car does not start again while any one is attempting to alight or exposed to danger. Booth Street R'ys, section 349, and cases cited in notes.

Stopping a reasonable time is not sufficient, but it is the duty of the conductor or those in charge to see and know that no passenger is in the act of alighting or in a dangerous position before putting the car in motion again. *Highland, etc., R. W. Co.* v. *Burt,* 9 So. Rep. 410; *Birmingham, etc., R. W. Co.* v. *Smith,* 90 Ala. 60.

Nor is it sufficient to excuse negligence to show that the car was operated in the usual way. *Britton* v. *Street R. W. Co.,* 51 N. W. Rep. 276.

It was said by Chief Justice Fuller, in *Washington, etc., R. Co.* v. *Tobriner,* 13 Sup. Ct. Rep. 557: "It was not only the duty of the defendant to safely carry and deliver the passenger, and in so doing not only provide safe and convenient means of entering and leaving the cars, but to stop when the passenger was about to alight, and not to start the car until he had alighted."

In the case of *North Chicago St. R. Co.* v. *Cook,* 33 N. E. Rep. 958, this language is used: "Carriers of passengers are held to the exercise of the utmost or highest

degree of care, skill and diligence for the safety of the passenger, that is consistent with the mode of conveyance employed. The car or train was in the control of the conductor and he was required to know, if by the exercise of due care, caution and diligence in the discharge of his duties he could know, whether any person was attempting to get on or off his train or car, before permitting the same to start in such manner as would be liable or likely to injure a person so getting on or off the same.''

In the case in hearing it was the duty of appellee's driver to ascertain whether or not the appellant had alighted or was exposed to danger before he started the car and it was not sufficient that he waited a reasonable time or that he thought or believed that she had alighted safely, but it was his duty to ascertain and know whether she had alighted safely and was beyond danger before he started the car. It was error to give this instruction.

The appellant also complains of the action of the court in striking out the testimony of certain witnesses and in refusing to permit her to prove by others the statements made by her as to her condition and statements of existing pain. This was error. It is well settled] that whenever the bodily or mental feelings of a person are material to be proved, the usual expressions of such feelings made at the time are original evidence. The statements or representations of a sick person of the nature and effect of a malady or injury under which he is laboring, or expressions of existing pain, are admissible as original evidence. And this is so whether they be made to a medical attendant or other person. Taylor Ev., section 580; Greenl. Ev., section 102; *Louisville, etc., R. W. Co.* v. *Holsapple*, 12 Ind. App. 301; *Board, etc.*, v. *Leggett*, 115 Ind. 554 (547); *Cleveland, etc., R. R. Co.*

v. *Newell*, 104 Ind. 264; *Carthage Turnpike Co.* v. *Andrews*, 102 Ind. 138.

For the error in giving the instruction above set out and in excluding the testimony complained of, the cause will have to be reversed. There are other causes for which appellant urges that a new trial should have been granted, but as they may not arise again we deem it unnecessary to consider them at this time.

Judgment reversed with instructions to sustain motion for a new trial.

Filed Nov. 27, 1894; petition for rehearing overruled March 3, 1895.