## FT. WAYNE TRACTION COMPANY v. MORVILIUS.

[No. 4,502.    Filed October 13, 1903.]

CARRIERS.—*Street Railroads.*—*Injury to Passenger while Alighting from Car.*—The strict obligation of the carrier of passengers continues not merely while the passenger is being received and being carried, but also while he is leaving or alighting from the carriage or car; and an electric railway company operating its cars on tracks in a city over a street in which excavations were made by the city adjacent to the tracks is liable for injuries received by a passenger in getting off a car stopped to let off passengers opposite such excavation, where no notice or warning was given the passenger of the excavation.

From Adams Circuit Court; *R. K. Erwin*, Judge.

Action by Frank Morvilius against the Ft. Wayne Traction Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. M. Barrett* and *S. L. Morris*, for appellant.
*Henry Colerick*, for appellee.

BLACK, J.—The appellee recovered judgment against the appellant for damages for a personal injury.

The complaint showed at length and with particularity that the appellee was a passenger on the car of the appellant, which was propelled by electricity westward on Main street, and had paid his fare, and had received from the conductor a transfer ticket entitling him to be carried on another car on Calhoun street northward from its intersection with Main street, between 9 and 10 o'clock at night. The car stopped on Main street, on the east line of Calhoun street, and the appellee descended for the purpose of taking the other car, then waiting for passengers so transferred. Main street, at that place between the car track thereon and the curb of the sidewalk, upon each side of the street, had been dug down and excavated more than eighteen inches, leaving the foundation or bed of the street at that

place three feet below the nearest step of the car. The appellee had not been in that part of the city for many months, and did not know of such condition of the street. The night was dark, and the shadow of the car from the lights on Calhoun street covered the excavation at the place of the steps. The appellee left his seat and went to the car step to leave the car. He placed his left foot on the lowest step, and reached with his right foot for the ground, and discovered that he could only reach it with his toe; and having the whole of his weight placed upon his left foot, he could not remove it in order to jump, when by reason of such condition his body became overbalanced, and he fell to the ground from the step, upon his face and right hand, striking the ground violently, and then rolled on his back, when, upon attempting to arise, he found that his right hand and arm were useless and helpless by reason of the fall. It was alleged that the appellant knew, or ought to have known, that the street had been so excavated at the point where it stopped its car for its passengers to alight, but that the appellant knowing of such dangerous condition of the street at that point, and knowing, as it did, that it was dangerous for passengers to alight from the car at that point, carelessly and negligently stopped at that point for its passengers to leave the car, knowing of the danger as aforesaid, and carelessly and negligently did so without providing any light or other warning to its passengers, and that its conductor and those operating its car negligently and carelessly omitted and failed to warn the appellee or any of its other passengers on that car of such dangerous condition of the street at that point to those attempting to leave the car there. The complaint contained other averments relating to the appellee's injury, and concerning the amount of damages.

Counsel for appellant have discussed the complaint and the evidence, and an instruction which the court refused to

give to the jury. The substance of the whole discussion is thus stated in the appellant's brief: "The record in this case presents clearly and cleanly for decision this question: Where an electric railway [company] operates its cars on tracks in a city, and excavations are made by the city on parts of the street adjacent to such track, is it the duty of the servants of the railway to notify passengers alighting from the cars of such excavation, when the cars are stopped to let off passengers immediately opposite such excavation? We insist not." The case to which counsel have called our attention, in which the person complaining of the common carrier of passengers was injured by reason of the defectiveness of the street after having alighted from the conveyance, and while proceeding along or across the street, and where, therefore, the relation of carrier and passenger had wholly. terminated, is not in point in the case at bar. The strict obligation of the carrier of passengers continues not merely while the passenger is being received and being carried, but also while he is leaving or alighting from the carriage or car under such circumstances that it may properly be said of him that he is being so discharged or so landed by the carrier. The relation of carrier and passenger had not ceased when the appellee received his injury under the circumstances detailed in the complaint.

The action does not proceed upon the theory of responsibility of the appellant for the excavated and dangerous condition of the street. The plaintiff does not rely upon the theory of the actionable wrong of a person or corporation in producing or maintaining such a condition of the street, resulting in injury as stated in the complaint; but the case proceeds upon the theory of the responsibility of the carrier for discharging its passengers at such a dangerous place, of whose dangerous character it knew or was bound to take notice, without properly guarding him from injury, or warning him of the danger of which he was ignorant, and concerning which, under the circumstances, he was not

bound to take notice. , The suggestion of the appellant concerning the nature of the action is palpably erroneous. The appellant, through its servants in charge of the car, having knowledge of the condition which rendered the alighting in the dark from the car dangerous for passengers who were ignorant of the excavation, owed the passenger the duty of taking reasonable precautions or giving reasonable warning for the protection of the passenger.

Common carriers of passengers, including street railway companies, are bound to exercise the highest degree of care and skill and the utmost foresight in the performance of their duty as carriers in receiving, transporting, and discharging their passengers, and are responsible for any injury to a passenger through neglect of any reasonable precaution for the prevention of such injury. *Citizens St. R. Co.* v. *Twiname,* 111 Ind. 587.

Judgment affirmed.