## CRUMP v. DAVIS.

[No. 4,514.   Filed April 26, 1904.]

STREET RAILROADS.—*Injury of Passenger While Alighting from Car.*—*Negligence.*—In an action against the owner of a street railway for injuries received by a passenger while alighting from a car, the mere fact that the car was moving does not make the question of plaintiff's negligence one of law for the court.  *p. 89.*

SAME.—*Individual Owner.*—*Instruction.*—In an action against an individual owner of a street railway it was not error to instruct the jury that defendant was under the same obligation to provide for the safety of passengers as a corporation carrier.  *p. 90.*

SAME.—*Injury to Passenger Alighting from. Car.*—It is not only the duty of those in charge of a street car to stop the car a reasonable time for passengers to alight, but they must ascertain and know that no passenger is in the act of alighting before putting the car in motion.  *p. 90.*

SAME.—*Carriers.*—*Degree of Care Required.*—*Negligence.*— A carrier must exercise the highest practicable care for the safety of its passengers, and any failure in this respect constitutes actionable negligence.  *pp. 90, 91.*

SAME.—*Negligence.*—It is not negligence *per se* for a passenger to fail to take hold of the hand-rail in alighting from a street car.  *p. 91.*

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by Harriet Davis against John S. Crump. From a Judgment for plaintiff, defendant appeals.  *Affirmed.*

*J. F. Cox, R. M. Miller, H. C. Barnett, Wm. E. Deupree* and *L. E. Slack,* for appellant.

*C. S. Baker W. J. Beck* and *W. A. Johnson,* for appellee.

ROBY, J.—Appellee recovered judgment against appellant for $1,000, from which he appeals. The case was tried three times; the first two trials resulting in disagreements of the jury, and the last one as stated. Errors argued are covered by the assignment that the court erred in overruling the motion for a new trial.

The complaint is in two paragraphs. It is averred that appellant on February 17, 1899, owned and operated a street railway in the city of Columbus, Bartholomew county, Indiana; that appellee on said day, at 8:30 p. m., took passage on one of his cars, paid her fare, and asked the agent and servant in charge to stop the car at Sycamore street, as she wished there to alight. It is averred that when the car arrived at Sycamore street it was stopped, and she notified of the fact; that she proceeded at once to leave the car, and was in the act of stepping to the ground, when the said agent and servant negligently started the car with a sudden jerk, throwing and injuring her. The negligence charged in the second paragraph is that the car was negligently started in a manner sudden and unexpected to her, before she had reasonable time to alight.

The stubbornly contested question of fact in the case was whether the car was started while she was attempting to alight, or whether she attempted to get off before it stopped. The evidence was conflicting. Appellee testified that the motorman nodded to her to get off, and that, when she started to do so, the car was stopped. The motorman testified that he shut off the current in order to turn a switch as he approached the street, and that he afterward turned it on with sufficient force to carry the car across the street, and a little by the usual place of stopping; that the car did not stop until after appellee had been thrown, and that he did not announce the street to her. So far as the negligence of appellee in attempting to alight as she did is concerned, that was a question for the jury. The mere fact that the car was moving does not make the question one of law for the court. *Conner* v. *Citizens St. R. Co.,* 105 Ind. 62, 67, 55 Am. Rep. 177; *Citizens St. R. Co.* v. *Spahr,* 7 Ind. App. 23. The verdict finds, however, within the allegations of the complaint, that, when she started to alight, the car had stopped; and, there being evidence to support it, there is no necessity of considering the relative

duties of the parties in connection with the act of alighting from a moving car.

In the thirteenth instruction the jury were told that, although not a corporation, the appellant, being a common carrier, was under the same obligation to provide for the safety of passengers as a corporation carrier. The instruction is said to "simply make an odious comparison." The law has no varying standard of duty for common carriers. The trial judge knew the attitude assumed in argument by the attorneys for either side. For all that appears, the instruction may have been necessary to avoid the exoneration of appellant from liability incident to an occupation selected by himself. There was no error in giving it.

The fifteenth instruction given was as follows: "The law requires the employes of street railways to do more than to stop reasonably long enough for passengers safely to alight from cars. They are bound and required to ascertain and know that no passenger is in the act of alighting from the car before putting it in motion again. If an employe fails in that respect, then such failure is imputed to his employer, and is actionable negligence on the part of the employer, and it is no excuse for the employe or his employer to show that the car on the particular occasion was operated in the usual manner." The instruction stated the law. *Anderson* v. *Citizens St. R. Co.*, 12 Ind. App. 194; Fetter, Carriers, §72; Booth, Street Railway Law, §349; Thompson, Negligence (2d ed.), §§3519, 3520; *Citizens St. R. Co.* v. *Hoffbauer*, 23 Ind. App. 614, 620; *Washington, etc., R. Co.* v. *Harmon*, 147 U. S. 571, 13 Sup. Ct. 557, 37 L. Ed. 284; *Highland Ave., etc., R. Co.* v. *Burt*, 92 Ala. 291, 9 South. 410, 13 L. R. A. 95.

The fourteenth instruction was as follows: "The law requires of carriers of passengers that they exercise not only ordinary care, but that they exercise the highest practicable degree and kind of care for the safety of their passengers, and any failure in this respect constitutes ac-

tionable negligence." The instruction accords with the law stated in *Citizens St. R. Co.* v. *Hoffbauer, supra; Louisville, etc., R. Co.* v. *Snyder,* 117 Ind. 435, 3 L. R. A. 434, 10 Am. St. 60; *Terre Haute, etc., R. Co.* v. *Sheeks,* 155 Ind. 74; Elliott, Railroads, §1585.

Appellant complains of the refusal of the court to give an instruction requested by him in terms as follows: "If there were hand-rails on the car, or on the platform of the car, which plaintiff could have held to until she reached the ground, and if the plaintiff stepped from said platform the distance of seventeen or eighteen inches to the ground without holding to said hand-rail or hand-rails or any other object to support herself, as she left said car, then, in that event, I instruct you that she was guilty of contributory negligence, and your verdict should be for the defendant." The instruction selected one of the facts connected with appellee's conduct, and ignored the others. The question of negligence was for the jury to determine in view of all the circumstances under which she acted. It is not negligence *per se* for a passenger to fail to take hold of the hand-rail in alighting from a street car. Thompson, Negligence, (2d ed.), 895, note 216, 949, 953, note 516; *Schaefer* v. *Central, etc., R. Co.,* 61 N. Y. Supp. 806; *Neslie* v. *Second, etc., R. Co.,* 113 Pa. St. 300, 6 Atl. 72; *Martin* v. *Second Ave. R. Co.,* 38 N. Y. Supp. 220; *McDonald* v. *Long Island R. Co.,* 116 N. Y. 546, 22 N. E. 1068, 15 Am. St. 437.

The appellant had a fair trial. The rulings of the court in every instance gave him all to which he was entitled. A number of the rulings were of such a character as to require a reversal had the verdict been otherwise than it is. The instructions taken as a whole were correct.

The judgment is affirmed.

Wiley, P. J., concurs in result.