# PITTSBURGH, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY *v.* HARRIS.

[No. 5,661. Filed May 18, 1906.]

1. TRIAL.—*General Verdict.—Answers to Interrogatories to Jury. —Conflict.*—Where there is not an irreconcilable conflict between the answers to the interrogatories to the jury and the general verdict, the latter prevails. p. 78.

2. CARRIERS. — *Railroads. — Platforms.—Approaches.—Care Required.*—Railroads are required to use ordinary care only in keeping their platforms and approaches in a safe condition for passengers. p. 78.

From Clark Circuit Court; *William C. Utz,* Special Judge.

Action by Lloyd Harris against the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*M. Z. Stannard* and *Ward H. Watson,* for appellant.

*H. W. Phipps* and *L. A. Douglass,* for appellee.

COMSTOCK, J.—This cause has been twice tried. This is the second appeal. The first trial resulted in a judgment for appellant in pursuance of a peremptory instruction in its favor. That judgment was reversed. This court held that the trial court erred in taking the case from the jury, and remanded the cause for a new trial. *Harris* v. *Pittsburgh, etc., R. Co.* (1904), 32 Ind. App. 600. The second trial resulted in a verdict and judgment in favor of appellee for $1,500.

The errors assigned are the action of the court in overruling appellant's motion for judgment on the answers to the interrogatories returned by the jury, notwithstanding the general verdict, and in overruling appellant's motion for a new trial.

The facts specially found at the last trial substantially agree with the statement of the evidence in the opinion on the first appeal. In that opinion it was held, under the facts proved, that the questions at issue should be submitted to the jury. The opinion makes a further statement of the facts and the pleadings unnecessary here. We find no irreconcilable conflict between the special findings and the general verdict, and the motion for judgment thereon was therefore properly overruled.

One of the causes stated in the motion for a new trial was the giving of certain instructions to the jury at the request of appellee.

"Instruction 1. I instruct you that it is the duty of a railway company engaged in carrying passengers to exercise the highest degree of care consistent with the operation of its railroad, in providing reasonably safe means for passengers to enter and depart from their cars and depot; and the passenger, in using a platform in order to enter or depart from the train, has the right to presume that the same is reasonably safe, and he can only be charged with negligence when the defect, if any, is such as would naturally suggest to one of common understanding that it is dangerous, and such as to place one in peril who uses the same."

"Instruction 4. A carrier of passengers is held to the highest degree of care, skill and diligence while engaged in carrying, taking aboard or discharging passengers from its trains and premises, and it is liable for the slightest neglect in this respect to one who is injured without fault on his part."

The objection to the first instruction is the expression, "the highest degree of care" under the circumstances stated, and to the fourth, that it asserts that a carrier of passengers is held to the highest degree of care, skill and diligence, etc., and that it is "liable for the slightest neglect in this respect." Railroad companies are not required to exercise the highest degree of care in keeping and maintaining their station platforms and approaches for the use of passengers in boarding and alighting from trains, but are only required to exercise ordinary care for such purpose. *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239; 1 Fetter, Carriers of Passengers, §47, and note 2, p. 99; *Palmer* v. *Pennsylvania Co.* (1888), 111 N. Y. 488, 18 N. E. 859, 2 L. R. A. 252; *Lafflin* v. *Buffalo, etc., R. Co.* (1887), 106 N. Y. 136, 12 N. E. 599, 60 Am. Rep. 433; *Conroy* v. *Chicago, etc., R. Co.* (1897), 96 Wis. 243, 70 N. W. 486, 38 L. R. A. 419.

The objection is well taken because the expression "reasonably safe" applies to the condition and not to the means by which that condition should be created and maintained. The degree of care specified in the first instruction is repeated in the fourth, and inferentially was made to apply to the appellant's platform, in stating that "the slightest neglect in this respect" renders the company liable to one who is injured without fault on his part. We are not warranted, in view of the evidence, in concluding that these instructions were harmless. For this error the judgment is reversed, with instructions to sustain appellant's motion for a new trial. The other questions may not arise upon another trial.