## LOUISVILLE AND SOUTHERN INDIANA TRACTION COMPANY v. WALKER.

[No. 22,096. Filed January 23, 1912.]

1. CARRIERS.—*Injury to Passengers.*—*Contributory Negligence.*— *Answers to Interrogatories.*—*Verdict.*—Where the complaint, in an action for injuries sustained in alighting from a street-car, alleged that the plaintiff was required by defendant's employes to leave the car before arriving at her destination and at a point where the street had been excavated by defendant in making repairs to its track and was rough and uneven and filled with loose and broken stones, that defendant's employes failed to offer and give to plaintiff any assistance or furnish any stool or step to enable plaintiff to alight safely, and that in descending from said

car, and without fault on her part, plaintiff stepped on a loose stone and was thereby injured, answers to interrogatories that at the time of the accident the eyesight of plaintiff was good, that the injury occurred about 4:30 o'clock in the afternoon of a clear day and while the sun was shining, that the street where she was injured was being improved and there was earth and a lot of broken stone lying loosely on the street and covering the ground where she was compelled to step in alighting from the car, that the distance from the step down to the broken stone was about two feet, that there was nothing to prevent plaintiff from seeing the condition of the street and she did see it and the distance from the step to the ground before she stepped down, and that she stepped down with a suit case in her hand, do not show contributory negligence on the part of the plaintiff and are not out of harmony with a general verdict for the plaintiff.  p. 43.

2. CARRIERS.—*Injury to Passenger.—Alighting from Car.—Care Required of Passenger.*—In an action for personal injuries sustained by plaintiff on account of being required by defendant's employe to alight from a street-car, at a point where the street had been excavated by the defendant in making repairs to its track and was rough and uneven and filled with broken stones, and the circumstances of the alighting and the conditions present did not give plaintiff time or opportunity for close inspection of the place of alighting, the defendant owed the plaintiff a duty involving a high degree of care for her safety, and while plaintiff was required to use ordinary care in alighting, such care is affected by the circumstances and conditions and the fact that plaintiff was entitled to rely to some extent on the belief that she would not be required to alight at an unfit and dangerous place.  p. 44.

3. CARRIERS.—*Injury to Passengers.—Answers to Interrogatories. —General Verdict.*—Answers to certain interrogatories that plaintiff stepped off the defendant's car to the street below, that after so doing plaintiff stepped on the broken stone in the street, and in stepping on said broken stone one of plaintiff's feet turned and caused the injury complained of, if construed to mean that plaintiff was injured while walking on the stones after alighting from the car, are in conflict with an answer to an interrogatory that plaintiff in attempting to alight from the car stepped on a loose stone and sprained her ankle, and such conflicting interrogatories and answers will not overcome a general verdict for the plaintiff.  p. 44.

4. CARRIERS.—*Carriers of Passengers.—Care Required.*—The rule which requires a carrier of passengers to exercise the highest degree of care for the safety of its passengers consistent with the

practical operation of its road, and which is generally applied to to the actual progress of the passenger on the journey undertaken, applies to street railroads.   p. 46.

5. CARRIERS.—*Passenger Alighting from Street-Car.—Duty of Carrier.*—The rule which requires only ordinary care of railroad carriers in providing and maintaining safe and convenient places for the ingress and egress of passengers to and from their trains at regular stopping places, does not apply to the obligation imposed on a street-car company when it requires a passenger to alight at an unusual place in the middle of a square, when the obstruction of the street which stopped the car on which plaintiff was a passenger, the condition of the disembarking place, and the compulsion which interrupted plaintiff's journey and required her to leave the car at such place were all brought about by defendant.   p. 46.

6. CARRIERS.—*Carriers of Passengers.—Ordinary Care.*—Ordinary care ebbs and flows with the danger to be fairly anticipated by a man of reasonable prudence from the circumstances and conditions involved in each case. Where the danger to be anticipated is small, ordinary precaution and care required to avert it are not great, but where the danger is great ordinary care may call for the highest vigilance, activity and unremitting attention to guard against it.   p. 47.

7. CARRIERS. — *Injury to Passenger. — Negligence. — Evidence.* — Where the evidence in an action against a street-car company for injuries sustained in alighting from a car shows that the plaintiff was required to alight at an unusual and dangerous place in the middle of a square, that the stopping of the car, the condition of the disembarking place, and the compulsion which interrupted plaintiff's journey and required her to leave the car at said point were all brought about by defendant, that defendant had placed a board over the dangerous portion of the street at rear entrance to car and that defendant's employes by their conduct lured the plaintiff to leave the car at the front entrance of the car where, without any assistance, she was obliged to and did step down a distance of two feet to the ground which was loose and covered with broken stone, and in stepping down on a stone her foot turned and she was injured, it cannot be said as a matter of law that defendant had used ordinary care, and the jury was warranted in finding defendant guilty of negligence.   p. 47.

From Clark Circuit Court; *Harry C. Montgomery*, Judge.

Action by Grace M. Walker against the Louisville and Southern Indiana Traction Company. From a judgment

for the plaintiff, defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*George H. Voigt* and *Charles D. Kelso,* for appellant.
*Alexander Dowling,* for appellee.

Cox, J.—Appellee recovered a judgment against appellant in the court below, for damages for personal injuries alleged to have been sustained by her while a passenger on one of appellant's street-cars.

A reversal of that judgment is asked by appellant on the ground that the trial court erred in overruling a motion made by it for judgment in its favor on answers to special interrogatories, which the jury returned with a general verdict for appellee, and that error was also committed in overruling appellant's motion for a new trial.

To the extent needed to be set out to intelligently exhibit and consider the questions involved in the appeal, the averments of the complaint are, in substance, that appellee entered one of appellant's street-cars to be carried as a passenger on it, over the route and line regularly traversed by it, to her intended destination at the terminus of the line, and paid the usual fare therefor; that for the purpose of relaying its track and improving it, appellant had, at a certain point on the line, excavated and torn away that part of the street occupied by its track, and more than a foot on either side of it; that through appellant's carelessness and neglect the space on each side of its track was excavated six inches below the grade of the street, was rough and uneven and filled with loose earth and loose stones, and was thereby rendered unsafe and wholly unfit as a place for passengers to alight; that, in consequence of the work being done, the distance from the lowest step of the car to the ground alongside of it, at the point where appellee was required by appellant to alight, as hereinafter stated, was not less than two feet, and too great for safety, as appellant well knew;

that while appellee was so being carried as such passenger, when the car in which she was traveling arrived at the point above described on appellant's line of road, which was near an intersecting street, the track was obstructed by cars of appellant, loaded with stone and other materials to be used on the street and track, which appellant had placed there, so that the car on which appellee was traveling could not proceed farther toward her destination; that by reason of this obstruction the car was stopped near the loaded cars, and appellee, with other passengers thereon, was wrongfully and negligently directed and required, by the agent and collector of appellant in charge of the car, to leave and get off of it at the said dangerous and unsuitable place, and to walk northward along the street and track, past and beyond the loaded cars which obstructed the track, to another car of appellant which was then standing and being held in waiting to carry the passengers to the end of their broken journey; that appellant, notwithstanding the conditions set forth, negligently failed to furnish any stool, step, or other means to enable appellee to safely get off and alight from the car, and its agents and employes in charge of the car wrongfully and negligently failed to offer and give to appellee any assistance in alighting therefrom; that in obedience to the wrongful and negligent command of appellant, made by and through its agents in charge of the car, appellee, desiring to complete her journey and to be carried to her destination by appellant, attempted to alight from said car onto the street, exercising due care in so doing, but in descending from said car, and in alighting on said part of said street adjacent to said track, without fault on her part, appellee stepped on a loose stone or stones, negligently left by appellant along the side of said track, and thereby turned her foot, and violently wrenched and severely sprained her ankle.

A second paragraph of complaint was different from the first only in that it alleged that the street was being im-

proved by the city, and that the excavations were made by it.

The contention of counsel for appellant, in behalf of appellant's right to judgment on the answer to interrogatories, has a double basis. The first is the claim that the facts specially found by the answers show contributory negligence on appellee's part in alighting from the car. This claim we cannot sustain. The answers upon which reliance is placed by counsel may be summarized as follows: At the time of the accident the eyesight of appellee was good. The injury to her occurred about 4:30 o'clock of the afternoon of a clear day, and while the sun was shining. The street where she was injured was being improved, and there was earth and a lot of broken stone lying loosely on the ground in the street below the step, and covering the ground where she was compelled to step in alighting from the car. The distance from the step down to the broken stone on the ground was about two feet. There was nothing to prevent appellee from seeing the condition of the street, and she did see it before she stepped down, and also the distance from the step to the ground. She stepped down with a suitcase in her hand. We find none of these facts to be out of real harmony with the general verdict. The complaint alleged that appellee was required to leave the car at a point where the excavated street was rough and uneven, and filled with loose dirt and stones. Not one of the above summarized facts is inconsistent with the conclusion which the jury might have and doubtless did reach by its general verdict for appellee; that, impelled to leave the car by the direction of appellant's employes, which unexpectedly broke her journey, she saw a place where she would have to alight which appeared to her to be safe, and which revealed to her nothing of its dangerous condition. The dirt may have, apparently to her, so embraced and been combined with the stones as to give her no suggestion or warning that it might be loose, and cause her foot to turn. She was

required to leave the car on its west side, with the sun shining directly in her eyes. The circumstances of her alighting, and the conditions present, did not give time or opportunity for close inspection of the place where she must alight, and the rule of ordinary care, as applied to her conduct, did not require a close and critical study of the ground before she trusted herself upon it. She had not completed the passage of the trip on which appellant was carrying her, and she was still its passenger, to whom it owed a duty involving a high degree of care for her safety. And while she was not absolved from using ordinary care in getting off the car, such care is affected by the circumstances and conditions, and the fact that she was entitled to rely, to some extent, on the belief that she would not be required to alight at an unfit and dangerous place.

The second basis of appellant's contention, that it should have had a judgment on the answers, is that the facts established by certain answers are fatally at variance with those alleged as constituting the cause of action. The complaint avers that appellee suffered her injuries in the act of getting off the car as she stepped therefrom upon the ground. It is earnestly contended by counsel for appellant that the answers show that appellee was injured by stepping on broken rock while walking after she had alighted from the car. The interrogatories and the answers thereto, which are relied on to sustain this contention, are as follows: "(22) Did the plaintiff then and there step off the car of the defendant traction company, on said Vincennes street, to the street below? A. Yes. (23) After so doing, did the plaintiff then and there step on the broken rock in the street? A. Yes. (24) In, as aforesaid, stepping on said broken rock, did one of plaintiff's feet turn and cause the injury she complains of? A. Yes. (25) Was the aforesaid injury the only injury plaintiff received on that occasion? A. Yes."

It may be said that no interrogatory was submitted to

the jury, making inquiry as to how appellee was injured, which involved any other act than alighting, or any other place than the ground to be reached at once by stepping from the car. This time and place and manner are indicated by all of them which relate to the question, unless the words "after so doing", in interrogatory No. 23, is such a departure as to show that she was injured while walking after she had alighted. Taking all of the interrogatories and their answers together, it is not clear that they show either that appellee was injured while walking after the act of getting off of the car was completed, or that, if she was so injured, the variance was material. If she had stepped from the car to the ground, and then in taking another step to make the transfer to the waiting car had been injured by the unsafe conditions alleged to exist in the place where she was required to leave the car, it must be kept in mind that she was still appellant's passenger, doing what was required of her as such to complete her journey, and appellant owed her that degree of care incumbent upon a common carrier of passengers to guard her against injury. But we are not obliged to, nor do we resolve either of these questions. Another interrogatory and its answer make it unnecessary. It may be conceded that the construction of the interrogatories and the answers to them, above set out, must be in accord with the contention of counsel and still the general verdict must remain unaffected, for interrogatory No. 10 and its answer establish, in express and unequivocal words, that in attempting to alight from the car appellee stepped on a loose stone or stones and sprained her ankle. These conflicting interrogatories and answers neutralize and destroy each other, and the rule, that if answers of the jury to questions of fact are inconsistent with, or contradictory of, each other, the special findings will not overthrow the general verdict, is too well established to require the citation of authorities. The court did not err in overruling the motion for judgment on the answers.

Involved in the action of the court in overruling appellant's motion for a new trial is the contention that the evidence fails to establish negligence on the part of appellant, and that it does show that appellee was guilty of contributory negligence.

There is an earnest controversy between counsel for the opposing parties as to the degree of care by which appellant's duty to appellee should be measured.

The rule which requires a carrier of passengers to exercise the highest degree of care for the safety of its passengers consistent with the practical operation of its road, and which is generally applied to the actual progress 4. of the passenger on the journey undertaken, applies to street railroads. *Citizens St. R. Co.* v. *Twiname* (1887), 111 Ind. 587, 13 N. E. 55; *Prothero* v. *Citizens St. R. Co.* (1893), 134 Ind. 431, 33 N. E. 765; *Conner* v. *Citizens St. R. Co.* (1896), 146 Ind. 430, 441, 45 N. E. 662; *Citizens St. R. Co.* v. *Jolly* (1903), 161 Ind. 80, 90, 67 N. E. 935; *Anderson* v. *Citizens St. R. Co.* (1895), 12 Ind. App. 194, 197, 38 N. E. 1109; *Hammond, etc., R. Co.* v. *Spyzchalski* (1897), 17 Ind. App. 7, 46 N. E. 47; *Citizens St. R. Co.* v. *Hoffbauer* (1900), 23 Ind. App. 614, 620, 56 N. E. 54; *Fort Wayne Traction Co.* v. *Morvilius* (1903), 31 Ind. App. 464, 68 N. E. 304; *Crump* v. *Davis* (1904), 33 Ind. App. 88, 70 N. E. 886; *Terre Haute Traction, etc., Co.* v. *Payne* (1910), 45 Ind. App. 132, 89 N. E. 413; Thornton, Negligence §2072.

But it is contended by counsel for appellant that this rule is not the proper one to guage the duty of appellant under the facts in this case, but, on the contrary, that 5. the rule which requires only ordinary care of railroad carriers in providing and maintaining safe and convenient places for the ingress and egress of passengers to and from their trains at regular stopping places should apply. *Pennsylvania Co.* v. *Marion* (1885), 104 Ind. 239,

3 N. E. 874; *Pittsburgh, etc., R. Co.* v. *Harris* (1906), 38 Ind. App. 77, 77 N. E. 1051; Elliott, Railroads §1590.

There are obvious reasons why the care to be exacted from appellant under the circumstances of this case should not be narrowly limited by this latter rule. The circumstances and conditions which produced appellee's injury in this case are more complex than those which usually admit an application of it. The obstruction of the street by the work-cars which stopped the car, on which appellee was a passenger, at an unusual place in the middle of a square, the condition of the disembarking place, the compulsion under which appellee's journey was interrupted and she was required to leave the car at an unusual and unfit place, were all brought about by appellant. But ordinary care ebbs

6. and flows with the danger to be fairly anticipated by a man of reasonable prudence from the circumstances and conditions involved in each case. Where the danger indicated is small, ordinary precaution and care required to avert it are not great. Where the danger to be anticipated is great, ordinary care may call for the highest vigilance, activity and unremitting attention to guard against it. And even yielding to the insistence of counsel, that appellant's duty was satisfied with ordinary care, it cannot be ruled as a matter of law that the evidence does not show a violation of duty. There was evidence that appellee got on one of appellant's cars at one end of the line, over which

7. it ran, to go to the other terminus, and paid her fare. She carried with her a light suitcase. The car went part of the route to a point on one of the streets in which the track was laid, about midway between cross-streets, where it was stopped close to two cars, which were in use by appellant in doing reconstruction work on its track. This work was being done by appellant preliminary to a permanent improvement of the street by the city. It had excavated in the street, and had thrown out dirt and stones. The car on which appellee

was a passenger had a door, platform and steps at both ends. There were other passengers besides appellee, who was nearer the rear end of the car than the front. When the car stopped, the conductor or the motorman opened the door at the front end of the car, and called out generally to the passengers to change cars and transfer, but he did not direct them to go out at the rear end. No direction was given appellee as to which door she should use in leaving the car. The other passengers went out at the front door, and she followed them, carrying her suitcase in her right hand. The step was about two feet from the ground, below, which was rough and covered with loose dirt and stones. There was no board, platform or step, and no person there to aid her in getting off of the car. In accordance with instructions to change cars, she stepped down as carefully as she could. She tried to avoid any accident, but stepped on a loose stone that she did not see; it turned her ankle and she fell on her knees. The conductor and motorman, who had both left the car before she did, and were talking together at the street curb, came and helped her up. Appellee had frequently ridden on this line of road, but had been away on a short visit, and had never made a transfer on the line before. The evidence also shows that when the car stopped, appellant's employes placed a wide board on the step at the rear entrance to the car, which extended thence across the rough portion of the street toward the curb; upon this fact, the assumptions, that appellant had fully discharged its duty to appellee, and that appellee was guilty of contributory negligence, rest. This, however, is not so. The front door being available for exit from the car, the duty of appellant did not end with the placing of the board at the rear. Appellee should have been directed to it. Both assumptions would be valid if appellee had been directed to leave the car by the rear step where the board was placed, and, possibly, if she had known it was there to aid the safe egress of the passengers, and took the other way by her own undi-

rected volition. But she did not know of the board, and the evidence, as above set forth, shows an allurement, if not indeed a positive direction, for appellee to leave the car at the front entrance. We think the jury was clearly warranted in finding that appellant was guilty of negligence, and that appellee was not.

Brief criticism is made of four instructions tendered by appellee and given by the court. What has been said in considering the other questions applies to the objections to two of the instructions, and it is clear that the jury was not misled to the harm of appellant by the giving of the other two, even if they be justly subject to the complaint made of them.

The judgment of the lower court is affirmed.

NOTE.—Reported in 97 N. E. 151. See, also, under (1) 38 Cyc. 1927; (2) 6 Cyc. 607, 615; (3) 38 Cyc. 1926; (4) 6 Cyc. 595; 118 Am. St. 461; 4 L. R. A. (N. S.) 122; (5) 6 Cyc. 607; 16 L. R. A. (N. S.) 467; (6) 6 Cyc. 591; (7) 6 Cyc. 628. As to the liability of a street railway company for defect in track or street see 15 L. R. A. (N. S.) 840.